## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### JOHN F. RUTLEDGE v. TENTH DISTRICT COMMITTEE OF THE VIRGINIA STATE BAR.

November 26, 1973.

Record No. 8205.

Present, Snead, C.J., I'Anson, Harrison, Cochran, Harman and Poff, JJ.

*John W. Edmonds, III (Langhorne H. Smith; Mays, Valentine, Davenport & Moore,* on brief), for plaintiff in error.

*T. J. Markow, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

This is an appeal of right under Code § 54-74 (5) by John F. Rutledge (Rutledge) from an order of the trial court suspending Rutledge's license to practice law in Virginia for three years.

Rutledge's license to practice was originally suspended for a period of six months from October 1, 1971, by a consent order entered on September 27, 1971, upon an adjudication of unprofessional conduct. The order provided that Rutledge should not, during the period of suspension, ". . . engage in the practice of law . . . directly or indi-

rectly, nor hold (himself) out as a lawyer, in public or in private, nor recommend nor refer cases or clients to other lawyers . . . ." The court retained jurisdiction to reopen the case for further disciplinary action if a violation of the terms of suspension should occur.

On June 7, 1972, the Tenth District Committee of the Virginia State Bar filed a motion with the court alleging that Rutledge had violated the terms of the order during his suspension by referring and recommending cases to other lawyers and by indirectly engaging in the practice of law.

The trial court was reconvened and, after an evidentiary hearing, found that Rutledge ". . . did refer matters to other lawyers; . . . did indirectly engage in the practice of law at a benefit and profit to himself; and that the defendant violated the terms . . ." of the suspension order. Upon this finding, Rutledge's license to practice law was suspended for an additional period of three years.

Upon appeal we view the evidence, as we must, in the light most favorable to the party who prevailed below.

The evidence establishes that an oral agreement was entered into between Rutledge and another attorney, who was a former employee of Rutledge with his own separate office. The agreement was that the attorney would sublease Rutledge's office, rent his office equipment and retain and pay his staff. If the fees from the practice at Rutledge's former office, after the payment of expenses and a reasonable sum for the other attorney's services, were sufficient, Rutledge was to receive $400 per week as a title abstractor. Under the agreement Rutledge received $1200 for his services as a title abstractor during the six months period.

Rutledge, while denying an intention to refer any of his clients to another attorney, admitted that he "informed his clients that he would be suspended for a six months period; that (the other attorney) would do the legal work during that time; that the office personnel would be retained; that Rutledge would be in the office and would work for (the other attorney) as a title abstractor."

We hold this evidence sufficient to sustain the findings of the three judge court.

Since the trial court should retain jurisdiction to take further disciplinary action if the terms of the present suspension order are not complied with, the order below is affirmed and the case remanded.

*Affirmed and remanded.*