265 S.E.2d 753 (1980)
Ivy P. BLUE, Jr.
v.
SEVENTH DISTRICT COMMITTEE OF the VIRGINIA STATE BAR.
Record No. 791605.
Supreme Court of Virginia.
April 18, 1980.
*754 Robert S. Ganey, Hanover, for appellant.
Michael L. Rigsby, Richmond, for appellee.
Before I'ANSON, C. J., and CARRICO, HARRISON, COCHRAN, POFF, COMPTON and THOMPSON, JJ.
COMPTON, Justice.
This is an appeal of right under our recently revised procedure for disciplining, suspending, and disbarring attorneys-at-law. See Code § 54-48(c).[1] The principal issue is whether the evidence is sufficient to support the finding of the Virginia State Bar Disciplinary Board that an attorney's actions constituted Misconduct under the applicable provision of the Virginia Code of Professional Responsibility.
In 1978, appellee Seventh District Committee of the Virginia State Bar received charges of Misconduct, as defined in ¶ 13(A)(11), 217 Va. at 174, against appellant Ivy P. Blue, Jr., a licensed attorney of Hanover County. In compliance with the new procedure a preliminary investigation of the complaint was conducted by the District Committee. See ¶ 13(B)(5)(a), 217 Va. at 175. It concluded that Blue "may have engaged" in Misconduct (1) by charging an excessive fee or charging a fee in excess of that agreed upon, and (2) by engaging in conduct involving misrepresentation. The Committee subsequently held a hearing in Ashland in June of 1978 and certified the misrepresentation charge to the Virginia State Bar Disciplinary Board, see ¶ 13(B)(6)(b), 217 Va. at 176; the other allegation of Misconduct was not certified.
The Board later held a hearing in Richmond in June of 1979 upon the charge that Blue violated DR 1-102(A)(4) of the Virginia Code of Professional Responsibility. That Disciplinary Rule provides that a lawyer shall not engage in "conduct involving dishonesty, fraud, deceit, or misrepresentation." 216 Va. at 1066. Following the hearing, at which the District Committee and Blue presented evidence, the Board found that Blue's conduct constituted Misconduct in violation of the Disciplinary Rule and, in the August 31, 1979 order appealed from, adjudged that Blue's license to practice law in the Commonwealth be suspended for a period of three months. Execution of the order of suspension was suspended, however, pending this appeal.
In considering the facts, we will address the record of the Board hearing and only so much of the evidence presented to the District Committee as was incorporated into the proceeding before the Board. When *755 there are conflicts in the evidence before the Board, we will state such facts in accordance with the Board's finding. See Rutledge v. Tenth District Committee, 214 Va. 312, 313, 200 S.E.2d 573, 574 (1973).
In December of 1975, Helen Anita Deal was a party defendant in a divorce proceeding pending in the Circuit Court of Hanover County. At the time, she employed Blue to represent her and paid him a "retainer" of $350. Later Blue submitted to her an additional bill for $750 in November of 1976.
The suit terminated by final decree entered April 4, 1977 in which the husband was granted the divorce. The hotly disputed issue of child custody was resolved in the wife's favor and she was awarded custody of the two children of the parties.
Prior to entry of the final decree, Blue had asked the court to assess attorney's fees of $1300 plus costs against the husband. In the decree, the court ordered the husband to pay Blue $700 on account of the wife's counsel fees and $286.64 for costs.
On the day the divorce decree was entered, the husband filed a petition in the Juvenile and Domestic Relations District Court of Spotsylvania County seeking custody of the children. Mrs. Deal sought Blue's aid in that matter. On April 11, Mrs. Deal was told by Blue's secretary that he would "assist" her in Spotsylvania only if she paid in advance the divorce-suit balance of $750 plus costs or a total of $999.45. Blue told her that if she "could get some money to him" at that time and if he subsequently was able to force the ex-husband to pay the court-ordered amounts, then he (Blue) would make a refund to Mrs. Deal to the extent of the ex-husband's payments.
Mrs. Deal borrowed $700 from a Fredericksburg bank on April 21, and delivered the funds to Blue's office the same day. Blue then filed a motion to quash and answer in the Spotsylvania court. The juvenile petition was subsequently "withdrawn" without the necessity of any court appearance by Blue.
On April 6, 1977, the ex-husband paid Blue $10 and on April 29 paid him $976.64, thus discharging his obligation for attorney's fees and costs established in the divorce decree. Mrs. Deal first learned of this payment in November of 1977.
On December 15, 1977, Mrs. Deal wrote to Blue demanding repayment of the $700 paid in April. Blue responded the next day by sending her a bill in the form of a two-page letter. In the letter he included an item labeled "Additional Billing at Conclusion of [Divorce] Case  $1000.00." He also set forth certain "total charges" for the divorce case, added a fee of $250 for the "service" in Spotsylvania, and listed payments received from the Deals. Blue concluded after making these computations that Mrs. Deal owed him $570.31, stating he did not "intend to refund any $700.00." Blue's letter was the first bill submitted by Blue to Mrs. Deal in approximately 13 months and was the first notice to her that she was indebted to him for an additional $570.31.
The Board found that the "charge of $1,000.00 set forth in Mr. Blue's correspondence of December 16, 1977 was fabricated by Mr. Blue in order to change the status of Mrs. Deal from creditor to debtor." The Board further found that such action by Blue constituted Misconduct in violation of DR 1-102(A)(4).
Blue argues on appeal that proof of his Misconduct was insufficient. He attacks the credibility of Mrs. Deal and her mother, who corroborated the daughter's testimony in certain respects, and insists his testimony and that of his secretary "is not contradicted and is straightforward." In his testimony, Blue maintained that in his December 16, 1977 letter he was merely making proper charges for services rendered and was not misrepresenting the facts to achieve a financial advantage over his client. He denied he repeatedly stated to his client between April and November 1977 that the ex-husband had not paid Blue, as Mrs. Deal had testified. Blue argues the controversy is merely a disagreement between attorney and client over the amount of a fee which should be adjudicated in an appropriate court, not in a disciplinary proceeding. Blue concludes, citing foreign authority, his *756 license should not be suspended because the record is not free from doubt as to the act charged or the motive with which it was done.
At the outset we must decide what weight the Board's findings of fact have on appeal. Blue argues they are only "recommendations" and, in effect, urges us to redetermine the facts during appellate review. The Virginia State Bar contends on behalf of the District Committee that the "same presumptions which accompany a finding of fact made by a Circuit Court impaneled pursuant to Code § 54-74 [setting forth court procedure for disciplining attorneys] also accompany a finding of fact made by the Disciplinary Board impaneled pursuant to ... ¶ 13." Thus, argues the Bar, the Board's findings "are presumed to be correct and to be founded on sufficient evidence."[2]
A review of one aspect of the procedure under revised ¶ 13 should be made at this point. Upon certification by a District Committee of a charge of Misconduct, the attorney may elect to submit to the jurisdiction of the Disciplinary Board or he may file a demand that further proceedings be conducted in court under Code §§ 54-73 to -77, dealing with revocation or suspension of licenses and disbarment. ¶ 13(C)(5), 217 Va. at 178. If the attorney chooses the latter alternative, further proceedings before the Board are terminated and Bar Counsel must file the complaint required by Code § 54-74 against the attorney. Id. Like the Board, the three-judge special court established by Code § 54-74(2) has the power to impose a reprimand, suspend a license, disbar an attorney, or dismiss a complaint. Code § 54-74(4); ¶ 13(C)(6)(ii) (see 1980 amendment at 220 Va. ___). As in the case of a decision by the Board, the attorney may appeal to this court as a matter of right from the special court's decision. Code § 54-74(5); ¶ 13(G)(1).
Upon consideration of appeals from the special three-judge courts in past disciplinary proceedings, we have generally reviewed the evidence and made an independent examination of the trial court's findings. For example, in Wilder v. Third District Committee, 219 Va. 175, 180, 247 S.E.2d 355, 358 (1978), we "concurred" in the trial court's decision and "agreed" the attorney's action constituted unprofessional conduct. In Maddy v. First District Committee, 205 Va. 652, 655, 139 S.E.2d 56, 58 (1964), we considered "the entire record" and found the evidence was "sufficient" but also noted, "we cannot say that the court abused its discretion" in suspending the attorney's license. 205 Va. at 659, 139 S.E.2d at 61. In Tucker v. Seventh District Committee, 202 Va. 840, 847, 120 S.E.2d 366, 371 (1961), we found "[u]pon consideration of the record before us," there was "sufficient evidence" to support the finding of unprofessional conduct. See Rutledge v. Tenth District Committee, 214 Va. at 313, 200 S.E.2d at 574. Cf. Tenth District Committee v. Baum, 213 Va. 523, 530, 193 S.E.2d 698, 704 (1973) ("presumption of correctness" of decision below mentioned but factual determination of three-judge court reversed on appeal).
Contrary to Blue's argument, we will not apply a different standard for review of evidentiary findings of a special three-judge court under Code § 54-74, on the one hand, and the Disciplinary Board under ¶ 13 of our Rules of Court, on the other, by considering the Board's conclusions as mere recommendations. Yet, also contrary to the argument which apparently is advanced by the Bar, we will not accord the Board's factual findings the same binding effect on appeal given to decisions on disputed questions of fact made by a jury and approved by a trial court of general jurisdiction, or the same effect of such findings made by such a trial court sitting without a jury.
These disciplinary matters are special proceedings, civil in nature, for the protection of the public, and in the nature of an inquiry into the conduct of an attorney. *757 Seventh District Committee v. Gunter, 212 Va. 278, 284, 183 S.E.2d 713, 717 (1971). Consequently, on review we will make an independent examination of the whole record, giving the factual findings of the Disciplinary Board substantial weight and viewing them as prima facie correct. While not given the weight of a jury verdict, those conclusions will be sustained unless it appears they are not justified by a reasonable view of the evidence or are contrary to law.
Returning to the facts in this case, our review of the whole record demonstrates the evidence amply supports the Board's finding that Blue's purpose in making the additional $1000 charge in his letter of December 16, 1977 was to change his client's status from creditor to debtor and thus frustrate her efforts to collect a refund properly due. The divorce suit ended in April. No further bill was sent to the client during the next seven months. The client discovered Blue had been paid by the ex-husband and made demand for reimbursement. Then, for the first time, Blue made an additional charge which the Board has found was "fabricated," after viewing the witnesses as they testified and judging their credibility.
The burden was on the Bar to establish the violation by clear proof. Norfolk & Portsmouth Bar Association v. Drewry, 161 Va. 833, 843, 172 S.E. 282, 286 (1934). We think this burden has been carried and supports the finding of misrepresentation which amounts to Misconduct, defined as any violation of the Code of Professional Responsibility. ¶ 13(A)(11), 217 Va. at 174.
Blue has assigned numerous other errors. We have considered them all and they have no merit. Only two such assignments warrant any further comment.
Blue complains the punishment is too severe. The length of the suspension was well within the permissible limit of penalty prescribed by ¶ 13(C)(6)(ii)(c), and we cannot say the Board abused its discretion in fixing the period of suspension at three months.
Finally, Blue contends the Board erred when it denied his "Petition to Re-Open Case and Vacate Sentence" filed July 27, 1979. With the petition, Blue submitted an affidavit executed by the attorney who represented the husband during the divorce suit. Blue sought to have the hearing reopened to permit such attorney to testify. According to the affidavit, the attorney would state that Blue vigorously represented Mrs. Deal; he would also have attested to Blue's ability, competence, and devotion to Mrs. Deal's cause. The attorney, according to the affidavit, is of opinion that Blue would have been justified in charging a fee in excess of the $2930 charged by the husband's attorney because of the time Blue spent on the case.
We think the Board properly denied the motion to reopen the proceeding. The petition was, in the main, merely a reargument of the merits of the case. Moreover, the petition, including the attorney's affidavit, was merely cumulative and bore on Blue's legal ability, which was not an issue in the proceeding before the Board.
For the foregoing reasons, we determine the Board committed no error. Accordingly, we will order that Blue's license to practice law within the Commonwealth of Virginia be suspended for a period of three months. Such suspension shall commence June 15, 1980. We will further order that the attorney shall give notice, by certified mail, of his suspension to all clients for whom he is currently handling matters and to all opposing attorneys and presiding judges in pending litigation. He shall further make immediate appropriate arrangements for the disposition of those matters presently in his care in conformity with the wishes of his clients. ¶ 13(J)(1), 217 Va. at 183.
Thus, the order appealed from will be
Affirmed.
NOTES
[1] Effective September 1, 1976, paragraph 13 of Section IV of the Rules for Integration of the Virginia State Bar, Part Six of the Rules of this Court, was amended. See 217 Va. 173. Minor additional amendments were made to ¶ 13 effective January 1, 1980. See 220 Va. ___.
[2] Bar Counsel ably represented the appellee on appeal. We call attention to the requirement of ¶ 13(G)(6) that the Office of the Attorney General shall represent the interests of the Commonwealth and its citizens in all appeals to this court.