## Richmond

### THOMAS E. SMOLKA

### V.

### SECOND DISTRICT COMMITTEE OF THE VIRGINIA STATE BAR

September 9, 1982.

Record No. 800744.

Present: All the Justices.

162

*R. Wayne Nunnally* for appellant.
*Walter H. Ryland, Chief Deputy Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

THOMPSON, J., delivered the opinion of the Court.

This appeal of right arose from the decision of the Virginia State Bar Disciplinary Board (Board) to suspend Thomas E. Smolka's license to practice law. We address two assignments of error: whether our Rule 6:IV:¶13(B)(2), 217 Va. 155, 174-75 (1976), setting forth the Bar Committee's duty to investigate is in the nature of venue or subject matter jurisdiction, and whether a prior circuit court judgment limits the Board's factual determination.

Smolka was a Norfolk attorney and held a license to sell real estate. Busch Properties, Inc. (Busch) employed him as a sales agent to sell lots in its Kingsmill subdivision in James City County. Smolka had access to Busch's Kingsmill offices. A dispute arose between Smolka and Busch over Smolka's commissions.

On December 2, 1978, Smolka removed two typewriters and two electric calculators valued at $2,270 from Busch's office and took them to his Norfolk law office. He used them approximately three months until a James City County investigator discovered and seized them on February 24, 1979. Smolka falsely explained that he had bought them at a sale.

Smolka was indicted in the Circuit Court for the City of Williamsburg and the County of James City for statutory burglary with the intent to commit larceny and grand larceny. Before trial, Smolka and the prosecutor made a plea agreement. Smolka agreed to plead guilty to the statutory burglary indictment if the Commonwealth submitted a plea of *nolle prosequi* on the grand larceny charge.

The court accepted the plea agreement, found Smolka guilty of statutory burglary, and ordered a presentence report. Based on the report and counsel's argument, the court reconsidered and vacated its prior finding. Instead, it found Smolka guilty of trespass and sentenced him to twelve months in jail, with all but one month suspended. Smolka served the one-month sentence.

The Second District Committee[1] certified Smolka's misconduct for a hearing before the Board. On March 27, 1980, the Board heard the evidence and counsel's argument. It found that Smolka

---

[1] Rule 6:IV:¶5, 216 Va. 941, 1143 (1976), provides in pertinent part that "the powers of the Virginia State Bar shall be exercised by a Council." Rule 6:IV:¶13(B)(1)(a) provides that "Council shall appoint a District Committee for each congressional district of the State." 217 Va. 155, 174 (1976). The City of Norfolk is in the Second Congressional District. James City County is in the First Congressional District. Code § 24.1-4.3 (Supp. 1982).

had violated Disciplinary Rules (DR) 1-102(A)(1), (3), (5), and (6)[2] set forth in the Virginia Code of Professional Responsibility, and by formal order of April 7, 1980, suspended his license for four years.[3]

Thereafter, Smolka filed a petition with the Board contending for the first time that the Second District Committee had no jurisdiction to certify the matter to the Board. He requested the Board to remand the case to the First District Committee. The Board denied the petition. Smolka appealed.

## I. *Jurisdiction.*

■ The Second District Committee's duty to investigate stems from Rule 6:IV:¶13(B)(2), 217 Va. at 174-75. The Rule states:

> *Duties of Committee:* It shall be the duty of each Committee to receive and investigate all charges of Misconduct against any Attorney (a) when the Misconduct occurs in its district or (b) when the Attorney resides in or maintains an office in its district.
>
> If two or more Committees may have jurisdiction to investigate the same charge of alleged Misconduct, the Committee of the district where the offense occurs shall have jurisdiction;. . . .

Smolka relies upon what he says is the mandatory language of the Rule's second paragraph. Complaining that the alleged misconduct occurred in James City County, he insists that only the First District Committee had jurisdiction to investigate. When the Second District Committee investigated, it violated the mandatory jurisdictional requirements. The Board never had the authority to entertain the case when the Second District Committee certified it

---

[2] DR 1-102 *Misconduct.*
    (A) A lawyer shall not:
        (1) Violate a Disciplinary Rule.
        . . . .
        (3) Engage in illegal conduct involving moral turpitude.
        . . . .
        (5) Engage in conduct that is prejudicial to the administration of justice.
        (6) Engage in any other conduct that adversely reflects on his fitness to practice law.
6:II:DR 1-102. 216 Va. 941, 1065-66 (1976).
[3] By subsequent order, the suspension was stayed pending this appeal.

and, thus, should have remanded it to the First District Committee. We disagree.

Larceny is a continuing offense. *Commonwealth* v. *Cousins*, 29 Va. (2 Leigh) 708 (1830).[4] When Smolka took the typewriters and calculators, he placed them in his Norfolk office. For nearly three months he used them in his law practice. This constitutes misconduct occurring in Norfolk. The Second District Committee could investigate based on this misconduct.

■ Even if this were not so, we interpret the rule's jurisdictional requirements as involving venue and not subject-matter jurisdiction. A provision may use the word "jurisdiction" in the sense that the court has territorial jurisdiction over the subject matter, meaning that the court is the proper venue. *See Moore* v. *N. & W. Ry. Co.*, 124 Va. 628, 635, 98 S.E. 635, 637 (1919). ("Jurisdiction" used in Code § 3214 of the Code of 1904 is in the nature of venue.) In *Southern Etc. Co.* v. *Massaponax Corp.*, 145 Va. 317, 326, 133 S.E. 812, 814 (1926), we construed former Code §§ 6318 and 6321, stating that "[w]hile these sections use the word 'jurisdiction,' they merely fix the 'venue'." We interpret the use of "jurisdiction" in Rule 6:IV¶13(B)(2) as establishing the territorial jurisdiction, or venue, of the Committee. The provision in no way limits the Board's authority to determine cases of attorney misconduct.

■ Ordinarily, venue is waived if the defendant does not make a timely objection. Code § 8.01-264. T. Boyd, E. Graves, and L. Middleditch, Jr., *Virginia Civil Procedure* § 5.6 (1982). This concept is implicit in Rule 6:IV:¶13(C)(5), 217 Va. at 178, which provides:

---

[4] In *Cousins*, the opinion reads in pertinent part:

[T]he prisoner had stolen the horse in the county of Pittsylvania, and afterwards brought the horse, so stolen, to Petersburg, where he was arrested with the horse in his possession. Upon this state of facts, the following questions were adjourned to this court: 1. Whether the circuit court of Petersburg had jurisdiction to try the prisoner?. . . .

. . . . All the writers on common law lay it down, that, if goods be stolen in one county, and carried into another, the offender may be indicted in either, because that offence is complete in both. If the original taking be felonious by the common law, the felon can acquire no colour of right thereby and every act of possession constitutes a felony.

29 Va. (2 Leigh) at 708-09. This principle has been cited with approval in *Doane* v. *Commonwealth*, 218 Va. 500, 237 S.E.2d 797 (1977), *Lovelace* v. *Commonwealth*, 205 Va. 541, 138 S.E.2d 253 (1964), *Howell* v. *Commonwealth*, 187 Va. 34, 46 S.E.2d 37 (1948), and *Strouther* v. *Commonwealth*, 92 Va. 789, 22 S.E. 852 (1895).

Upon certification by a Committee of a charge of Misconduct . . . the Board . . . shall cause to be served by certified mail on the Attorney involved a clear and concise statement of the alleged Misconduct. The Attorney may, within twenty-one days after such mailing, (a) file his answer which shall be conclusively deemed to be a consent to the jurisdiction of the Board. . . .

Because Smolka filed his answer, he waived his privilege to assert lack of venue. Smolka waited until after the Board's adverse decision to state his objection to venue. His objection was untimely.

## II. *Effect of Prior Judicial Determination.*

■ Smolka assigns error to the Board's finding that his actions constituted misconduct in violation of DR 1-102(A)(1), (3), (5), and (6). He insists that the circuit court's conclusion that he committed mere trespass is binding on the Board and that the Board may not reexamine his conduct, but must accept the circuit court's determination. We find Smolka's position incorrect and without legal support.

We find no Virginia case on this point; however, the majority of courts elsewhere have concluded that an acquittal in a criminal proceeding presents no bar to a disciplinary proceeding arising out of substantially the same facts. *See* Annot., 76 A.L.R.3d 1028, 1033 § 3 (1977). The rationale which underlies this distinction is that the purpose of the disciplinary proceeding is not to punish, but to protect the public from unfit members of the bar. *Blue* v. *Seventh District Committee*, 220 Va. 1056, 265 S.E.2d 753 (1980); *Wilder* v. *Committee*, 219 Va. 175, 247 S.E.2d 355 (1978).[5]

A recent California case, *In Re Hurwitz*, 17 Cal.3d 562, 551 P.2d 1234, 131 Cal. Rptr. 402 (1976), is factually similar to the case at bar. Hurwitz was attempting to burglarize his client's house when neighbors observed and stopped him. Hurwitz was carrying a crowbar and gave various contradictory explanations for his presence in the house. The police discovered pry marks on

---

[5] In *Middlesex County Ethics Committee, etc.* v. *Garden State Bar Association, et al.*, 50 U.S.L.W. 4712, 4714-15 (1982), the United States Supreme Court stated in part: "States traditionally have exercised extensive control over the professional conduct of attorneys. . . . The ultimate objective of such control is 'the protection of the public, the purification of the bar and the prevention of a reoccurrence.'" (Citation omitted.)

the front door and papers scattered on the floor of a back room. Originally indicted for burglary, a felony, Hurwitz was found guilty of unauthorized entry, a misdemeanor. The Disciplinary Board found that he committed an offense involving moral turpitude or misconduct and disbarred him. The California Supreme Court independently reviewed the record. It stated that, even though the jury had acquitted Hurwitz of the burglary charge and convicted him of the lesser included offense, that action was not conclusive upon the issue of his fitness to practice law. *Id.* at 567, 551 P.2d at 1237, 131 Cal. Rptr. at 405.

We hold that the circuit court's conclusion that Smolka's offense did not rise above trespass in no way precluded the Board from independently examining the matter and reaching a determination of misconduct. Accordingly, we will order that Smolka's license to practice law in the Commonwealth of Virginia be suspended for four years. This suspension shall begin on November 1, 1982. Further, Smolka shall give notice, by certified mail, of his suspension to all his current clients, to all opposing attorneys, and to all judges presiding in pending litigation. Smolka shall make immediate appropriate arrangements for the disposition of those matters presently in his care in conformity with his clients' wishes and shall comply with the Order of the Virginia State Bar Disciplinary Board entered in this matter April 7, 1980.

The order appealed from will be

*Affirmed.*