D. Brock Matthews

V.

Virginia State Bar, *ex rel.* Third District Committee

Record No. 830649

April 25, 1986

Present: All the Justices

*Charles L. Beard (Matthews & Beard*, on brief), for appellant.

*Neil A. G. McPhie, Assistant Attorney General (Gerald L. Baliles, Attorney General; James T. Moore, III, Senior Assistant Attorney General*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

In this appeal of right from an order suspending an attorney's license to practice law, the dispositive questions are whether the attorney's failure to obey a court order is a breach of the disciplinary rules and whether such a failure may be considered in fixing his penalty. The attorney contends that the violation of a court order may subject him to punishment for contempt, but that contempt of court does not constitute conduct for which an attorney may be disbarred. Therefore, he argues, the violation of a court order should not subject him to the lesser penalty of suspension. The Attorney General, with whom we agree, contends otherwise.

The facts are undisputed. In the spring of 1979, Warren M. Olds employed D. Brock Matthews, an attorney practicing in Richmond, to represent him with respect to a personal injury claim arising from an automobile accident which occurred in October 1978. Mr. Matthews filed a motion for judgment in the Circuit Court of the City of Richmond in October 1980, near the expiration of the limitation period for personal injury claims. The defendant filed grounds of defense and interrogatories in November 1980. Mr. Matthews failed to answer the interrogatories. After repeated requests proved unavailing, defense counsel, on June 17, 1981, obtained an order from the court compelling answers to the interrogatories within 10 days.

The interrogatories required answers which could only be given after consultation with the plaintiff's physicians. Mr. Matthews, despite the court order, made no contact with the physicians and filed no answers to the interrogatories during the remainder of

1981. In November 1981, Mr. Olds complained to the Virginia State Bar that

> for sometime now . . . I have not been able to contact Mr. Matthews at all. I cannot get office appointments and he does not answer my repeated phone calls. I don't know whether my case has been settled, thrown out of court, or even if my lawyer is interested any longer.

Mr. Matthews first initiated contact with Mr. Olds' physicians in January 1982 and filed answers to the interrogatories later that month. The Olds case was settled in February 1983. The record before us does not disclose whether any contempt proceedings ever arose from violation of the court's order compelling answers.

The Third District Committee certified to the Disciplinary Board that Mr. Matthews was in violation of Disciplinary Rules 6-101(A)(2) and 6-101(A)(3). Mr. Matthews answered the charges and appeared at a hearing on February 24, 1983. The Board found that no violation of Rule 6-101(A)(2) had been proved by clear and convincing evidence, and dismissed that charge. The Board found, however, that Mr. Matthews had violated Rule 6-101(A)(3), which provides that a lawyer shall not "[n]eglect a legal matter entrusted to. him." The Board's order stated: "There was simply no excuse for allowing Mr. Olds' claim to go virtually ignored from the Spring of 1979 to January 1982, when Mr. Matthews first contacted Mr. Olds' physicians. It was equally inexcusable for Mr. Matthews to ignore the Court's Order compelling response to the defendant's Interrogatories." The Board suspended Mr. Matthews' license to practice law in Virginia for two months but stayed the effective date of its order pending this appeal.

In support of his contention that discipline by the bar may not be premised upon conduct constituting contempt, Mr. Matthews relies on *In re Damron*, 131 W. Va. 66, 45 S.E.2d 741 (1947). There, an attorney appealed an order disbarring him on four counts of fraud on the court and a fifth count charging wilful disobedience of a court order. The appellate court found the evidence insufficient to support the findings of fraud and determined that the facts alleged in the fifth count amounted to contempt of court but did not constitute a basis for disbarment. In reversing the order of disbarment, the court observed: "As a general rule an attor-

ney may not be disbarred for contempt of court *unless his act or course of conduct amounts to base and aggravated contempt.*" *Id.* at 78, 45 S.E.2d at 747 (emphasis added). Thus, *Damron* does not stand for the proposition advanced, but rests merely upon the insufficiency of the evidence.

Mr. Matthews does not question the Board's findings of fact and concedes on appeal that they might warrant the imposition of a lesser penalty. He contends that if his disobedience of a court order were excised from consideration, the remaining evidence of his neglect of the Olds case would justify no more than a reprimand. In our view, however, the Board was entirely justified in taking into account his admitted violation of the court's order. By the weight of authority, conduct punishable as contempt of court may also be considered as evidence that an attorney is unfit to practice law. *Leimer* v. *Hulse*, 352 Mo. 451, 463, 178 S.W.2d 335, 339, *cert. denied*, 323 U.S. 744, *reh'g denied*, 323 U.S. 814 (1944). Indeed, it has been held that wilful disobedience of a single court order may alone justify disbarment. *In re Daly*, 291 Minn. 488, 495, 189 N.W.2d 176, 181 (1971).

Here, the Board was confronted with a variety of circumstantial evidence tending to prove that Mr. Matthews had neglected the Olds case. A part of that evidence was his failure, after repeated requests from opposing counsel, to abide by the court's order to furnish answers to interrogatories within 10 days. That evidence was both relevant to and probative of the issue before the Board. There was no reason to exclude it.

The length of the suspension imposed by the Board was well within the limits prescribed by the rules and was within the proper exercise of the Board's discretion. *See Blue* v. *Seventh District Committee*, 220 Va. 1056, 1062, 265 S.E.2d 753, 757 (1980). The Board was entitled to consider not only the effect of Mr. Matthews' procrastination upon his client's case, but also the effect of the suspension "as a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession." *Maddy* v. *First District Committee*, 205 Va. 652, 658, 139 S.E.2d 56, 60 (1964) (citations omitted). Accordingly, we cannot say that the Board's discretion was abused.

Thus, the order appealed from will be

*Affirmed.*