# John W. Gibbs, Jr.

## v.

# Virginia State Bar

Record No. 841085

September 5, 1986

Present: All the Justices

W.F. Drewry Gallalee (William D. Bayliss; Browder, Russell, Morris & Butcher, P.C., on briefs), for appellant.

Mary Yancey Spencer, Senior Assistant Attorney General (Gerald L. Baliles, Attorney General; James T. Moore, III, Senior Assistant Attorney General, on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

John W. Gibbs, Jr., a member of the Virginia State Bar not actively engaged in the practice of law, was charged with a violation of Disciplinary Rule 1-102(A)(4)* of the Virginia Code of Professional Responsibility. After a hearing, the Third District Committee of the Virginia State Bar imposed a penalty of a private reprimand. Gibbs appealed to the Virginia State Bar Disciplinary Board. After a hearing, the Board entered an order May 15, 1984, finding that he had violated the Disciplinary Rule and suspending his license for one year. By order entered June 28, 1984, the Board denied Gibbs's petition to reconsider or in the alternative to reduce the penalty. In his appeal of right to this Court, Gibbs challenges the sufficiency of the evidence and the severity of the penalty.

The facts are undisputed. Gibbs, formerly employed as a patent attorney, had ceased to work as a lawyer and had been self-em-

---

\* DR 1-102. Misconduct. — (A) A lawyer shall not:

. . . .

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation which reflects adversely on a lawyer's fitness to practice law.

ployed as an investor. About March of 1982, Gibbs and Harry O. Wiles became tenants in common when Gibbs acquired a one-half interest in certain real estate from Wiles's former wife. In June 1982 through Gibbs's efforts, the property was sold to a purchaser subject to a mortgage held by Virginia National Bank Mortgage Corporation (VNB). Gibbs learned that Wiles had an accident and sickness insurance policy held by VNB and requiring premium payments of $8.22 per month until cancelled by Wiles. VNB declined to cancel the insurance on Gibbs's request and refused to accept from Gibbs a monthly payment on the mortgage which did not include the insurance premium.

Gibbs asked Wiles's lawyer to have Wiles authorize cancellation of the insurance but the lawyer inadvertently failed to do so. Gibbs then sent to VNB an undated letter, purportedly signed by Wiles, requesting cancellation of the insurance. Gibbs had drafted the letter, however, and required his wife, who was also his secretary, to sign Wiles's name to it. The letter was enclosed in a letter of transmittal dated November 12, 1982, from Gibbs to VNB. When William D. Grove, a VNB vice president and counsel, questioned the authenticity of Wiles's signature, Gibbs readily admitted what had happened. Grove reported the matter to the Virginia State Bar.

There was evidence that termination of the insurance would benefit Wiles as well as Gibbs, that Wiles wished to have the policy cancelled, but that he did not authorize Gibbs or Gibbs's wife to sign his name to the letter requesting cancellation.

Gibbs argues that the gravamen of the offense charged against him is that he committed fraud, requiring proof that he knowingly transmitted the unauthorized document with the intent to defraud or deceive. He says that the record shows that he did not intend to deceive, but rather that he merely exercised poor judgment, without prejudice to anyone, to accomplish what he and Wiles both desired.

■ We will assume without deciding that knowing misrepresentation must be proved to establish a violation of DR 1-102(A)(4). *See Pickus* v. *Virginia State Bar*, 232 Va. 5, 348 S.E.2d 202 (1986) (this day decided). The record is sufficient to show knowing misrepresentation by Gibbs in two respects. In his letter of transmittal, Gibbs knowingly misrepresented that he was enclosing a letter from Wiles authorizing cancellation of the insurance. The letter was not from Wiles, of course, but was prepared by

Gibbs with a forged signature. The purpose of the misrepresentation was to accomplish what was in the interests of both Gibbs and Wiles, namely, cancellation of insurance with termination of monthly payments of premiums.

There was evidence, however, that VNB was prejudiced by the misrepresentation. VNB would have been exposed to potential liability to Wiles's estate if Wiles had died while still liable on the mortgage following an unauthorized cancellation of the insurance. For this reason, VNB personnel had informed Gibbs that the cancellation must be authorized by Wiles, who had contracted for the insurance. Consequently, we hold that the evidence is sufficient to support the finding of the Disciplinary Board that Gibbs violated DR 1-102(A)(4). *See Myers* v. *Virginia State Bar*, 226 Va. 630, 631-32, 312 S.E.2d 286, 287 (1984) (findings of Board sustained unless not justified by reasonable view of evidence or unless contrary to law).

Gibbs says that if the Board did not err in finding him guilty of the violation charged, it erred in imposing an excessively severe penalty. The imposition of sanctions, however, is a matter within the Board's discretion. *Blue* v. *Seventh District Committee*, 220 Va. 1056, 1062, 265 S.E.2d 753, 757 (1980); *see Maddy* v. *First District Committee*, 205 Va. 652, 658, 139 S.E.2d 56, 60 (1964). We cannot say as a matter of law that the Board abused its discretion. The sanction was within the limit prescribed by Rules, Part Six, § IV, Para. 13 (C)(6). *Blue*, 220 Va. at 1062, 265 S.E.2d at 757.

We will affirm the Board's order suspending Gibbs's license to practice law in the Commonwealth for a period of one year, and we will order that such suspension shall commence November 1, 1986. We will further order that Gibbs shall give notice, by certified mail, of his suspension to all clients for whom he is currently handling matters and to all opposing attorneys and presiding judges in pending litigation. He shall further make immediate appropriate arrangements for the disposition of those matters presently in his care in conformity with the wishes of his clients.

*Affirmed.*