## Richmond

FLOYD URAL LOVELACE V. COMMONWEALTH OF VIRGINIA.

October 12, 1964.

Record No. 5878.

Present, Eggleston, C. J., and Spratley, Buchanan, I'Anson and Carrico, JJ.

*Joseph Whitehead, Jr.* and *Charlie T. Turner,* for the plaintiff in error.

*W. P. Bagwell, Jr., Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

Floyd Ural Lovelace was arrested on August 22, 1963, in Pittsylvania county, Virginia, on a warrant which charged him with the "possession of a stolen automobile." After a preliminary hearing in the county court of Pittsylvania county, the case was certified to the grand jury of the circuit court of that county. The grand jury, on November 4, 1963, returned an indictment against Lovelace

which charged that he, "on the 12th day of August in the year 1963, in said county, did unlawfully and feloniously steal, take and carry away one 1955 Chevrolet automobile of the value of $1,000.00, * * * the property of Kenneth Arlen Hammock."

Brought to trial before a jury on November 18, 1963, Lovelace, represented by counsel of his own choosing, pleaded not guilty.

The case was heard on evidence presented by the Commonwealth. The defendant did not testify and no evidence was offered in his behalf.

At the conclusion of the evidence, the defendant moved to strike it, and "acquit" him on the grounds that the court was "without jurisdiction to try the case, *since the larceny was committed in North Carolina, another State,* and the indictment charges simple larceny and not the offense or in the form as provided by § 19.1-220 of the Code of Virginia, and that the Commonwealth did not prove grand larceny as being grand larceny in North Carolina," that is, "the nature of the crime under North Carolina law." (Emphasis added.)

No bill of particulars was requested. The warrant of arrest and the evidence fully informed defendant of the essentials of the offense charged against him.

The motion to strike was overruled and the defendant duly excepted.

The jury, after having considered the evidence, the instructions of the court, and the argument of counsel, returned a verdict finding Lovelace guilty as charged in the indictment, and fixed his punishment at three years in the State Penitentiary.

Defendant moved the court to set aside the verdict of the jury on the same grounds assigned in his motion to strike the evidence, and the court set the motion for hearing at a later date.

On November 27, 1963, the judge of the trial court overruled the motion; and on December 7, 1963, entered judgment in accordance with the verdict of the jury.

Defendant duly excepted. He assigned error to the ruling of the court on the grounds stated in his motion to strike the evidence, and to the giving of any instructions on the ground that there was no evidence upon which the instructions could be based.

On January 24, 1964, the Attorney for the Commonwealth and the attorney for Lovelace agreed upon a stipulation termed "narrative of testimony", showing the time and place of the initial theft in

North Carolina, and the subsequent events in Virginia forming the offense charged, which may be summarized as follows:

State Trooper E. T. Royster, Jr. testified that a 1955 red and white Chevrolet had been taken from the home of Kenneth Hammock in Ruffin, North Carolina, on the night of August 12, 1963; and that this car was found burned on a road in Pittsylvania county on August 22, 1963. Kenneth Hammock identified the burned automobile as his car which was taken from his home in Ruffin, North Carolina during the night of August 12, 1963. He placed its value at approximately $500.00.

Deputy Sheriff Harold Still testified that a 1955 Chevrolet automobile was found burned in Pittsylvania county; that the car had been taken from Hammock's home in Ruffin, North Carolina; and that Lovelace had been driving a car of this description in Pittsylvania county. He further said that Lovelace told him "he had taken the car in Ruffin, North Carolina, and had on one occasion driven the car with Pauline Adkins in it."

Pauline Adkins said that Lovelace had come to her home in Pittsylvania county early one morning, driving a red and white car, and had taken her in this car from her home to a store to buy cigarettes; but that he did not tell her whose car it was, nor how he got possession of it.

In support of his assignments of error, the defendant relies upon the case of *Strouther* v. *Commonwealth*, [1895] 92 Va. 789, 22 S. E. 852, 53 Am. St. Rep. 852, which held that under § 3890,[1] Code of 1887, Acts 1877-8, page 313, one who steals property at a place beyond the jurisdiction of this State, and brings the same into this State cannot be convicted of larceny in this State.

Lovelace, nevertheless, argues here, as he did in the lower court, as shown by the grounds of his motion to strike the evidence, that the only method of prosecuting a person for bringing into Virginia property stolen beyond the jurisdiction of this State is in "the form provided by § 19.1-220, Code of Virginia," that is, by charging the offense in substantially the same words used in the statute.

As a consequence of the *Strouther* case, *supra*, 92 Va., the legislature amended § 3890, Code of 1887, by Acts of 1895-96, page 576, approved February 29, 1896, Code 1942, [Mich.] § 4769, by adding

---

[1] § 3890: "Prosecution for offenses committed, wholly or in part without, and made punishable within, this State, may be in any county or corporation in which the offender is found, or to which he is sent by any judge, justice, or court."

a second clause[2] to the statute making it a crime to bring stolen property into the State and prescribing the venue for the prosecution of such offense.

The statute was further amended in 1960 [Acts 1960, Chapter 366, pages 536, 537] by including embezzlement as an offense, and adding the last clause prescribing the venue for the prosecution therefor.

Code § 19.1-220, Code of 1950, 1960 Rep. Vol., as amended, in effect at the time here involved, reads as follows:

"Prosecution for offenses committed wholly or in part without and made punishable within this State may be in any county or corporation in which the offender is found or to which he is sent by any judge, justice, or court; and if any person shall commit larceny, embezzlement or robbery beyond the jurisdiction of this State and bring the stolen property into the same he shall be liable to prosecution and punishment for his offense in any county or corporation in which he may be found as if the same had been wholly committed therein; provided, that if any person shall commit embezzlement with this State he shall be liable to prosecution and punishment for his offense in the county or city in which the offense occurred or in the county or city in which he was legally obligated to deliver the embezzled funds or property." (Code of 1887, § 3890; 1877-8, page 313; Code of 1942, [Mich.] § 4769; 1895-6, page 576; Code, 1950, § 19-194; 1960, c. 366.)

The history of this statute prior to 1948, its purpose and effect and the *Strouther* case, *supra*, are fully reviewed and discussed by Mr. Justice Buchanan in *Howell v. Commonwealth*, 187 Va. 34, 46 S. E. 2d 37.

In the *Howell* case, supra, we held: (1) that the constitutionality of the statute insofar as it describes the crime of larceny is clear; (2) that the amendment approved February 29, 1896, making it a crime to bring stolen property into this State is not an attempt to enforce the criminal laws of another State, but defines and prescribes an offense committed in this State; (3) that in the absence of a constitutional limitation, the legislature has power to fix the venue of criminal prosecutions in a place other than that in which the crime was committed; and (4) that the true meaning of the statute "is that venue is given in any county in which the defendant may be

---

(2) " * * * and if any person shall commit larceny or robbery beyond the jurisdiction of this State and bring the stolen property into the same he shall be liable to prosecution and punishment for his offense in any county or corporation in which he may be found as if the same had been wholly committed therein."

found to have committed the offense by bringing in the stolen goods, to the same extent as if the crime 'had been wholly committed' in that county." 187 Va., *supra,* page 42.

Moreover, we said: "The statute clearly has in view more than one place of venue. The crime continues and accompanies the defendant into every county into which he goes with stolen property." 187 Va., *supra,* page 42.

In Virginia, we have adopted the generally accepted and, perhaps, better view that the State in order to protect its own citizens may enact laws expressly making punishable offenses of a continuing nature. This is not done as a punishment for an offense committed elsewhere; but for an offense committed in this State, although the initial act in the chain of events forming the offense was committed outside this State.

The bringing of property stolen in another State into Pittsylvania county, Virginia, constitutes a new caption and asportation—a new deprivation of the owner of his right to his property and the right of possession—and is punishable in Virginia as a new offense. *Schultz v. Lainson,* 234 Iowa 606, 13 N. W. 2d 326, 156 A. L. R. 858; *Newlon v. Bennett,* [1962] 253 Iowa 555, 112 N .W. 2d 884, appeal dismissed 369 U. S. 658, 8 L. ed. 2d 274, 82 S. Ct. 1037; and *Knight v. State,* 116 Tex. Crim. 648, 31 S. W. 2d 1082.

In Wharton's Criminal Law and Procedure, 1957 ed., § 485, page 145, this is said:

"In a number of states, statutes have been adopted which codify the majority view by providing in substance that any person who shall steal in another state or country any goods and shall thereafter bring the same into the state may be prosecuted and convicted of larceny in the county to which such goods are brought or in which he is found, in the same manner as if such larceny had been committed in this state, and that in every such case the larceny may be charged to have been committed in any county into or through which such stolen property may have been brought."

The principal question here presented is discussed with citation of authorities in 32 Am. Jur., Larceny, § 98, page 1012; 52 C. J. S., Larceny, § 69, page 860; 1 Bishop on Criminal Law, 9th ed., §§ 137-142; Annotation 156 A. L. R., pages 862, 866, 884, 885.

There is no merit in defendant's contention that the Commonwealth failed to prove that he had violated any specific law of North Carolina. He was charged with the crime he committed in Virginia, and

convicted not for what he did in North Carolina, but for what he did in Virginia, that is, by committing larceny in Pittsylvania county, Virginia, by bringing therein an automobile which he stole in North Carolina.

Neither the printed nor the original record shows any exception noted to the giving of instructions until defendant filed his notice of appeal and assignments of error. There was no contention in the trial court that the evidence was insufficient to prove that the automobile was stolen in North Carolina. On the other hand, the motion to strike the evidence expressly admitted the commission of the larceny in North Carolina. Consequently, these matters will not be considered here. Rule of Court 1:8.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*