**Alexandria**

WAYNE WILLIAM NELSON

v.

COMMONWEALTH OF VIRGINIA

No. 1140-89-4

Decided April 9, 1991

COUNSEL

Elwood E. Sanders, Jr., for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General; Richard A. Conway, Assistant Attorney General, on brief), for appellee.

OPINION

KEENAN, J.—Wayne W. Nelson was convicted in a bench trial of grand larceny. On appeal, he argues that the evidence was insufficient to support his conviction. We agree and reverse the decision of the trial court.

At trial, the evidence showed that a 1987 Chevrolet truck was stolen in Fairfax City on the night of July 19, 1987. One week later, the truck was found in Prince William County, unoccupied, with its engine running. The truck was located in the parking lot of an old, abandoned motel. A vent window had been broken out and the vehicle appeared to have been "stripped." Also, a license plate had been placed in the rear window of the truck.

Officer Motley of the Prince William County Police Department dusted the truck for fingerprints and obtained three prints from the interior of the vehicle. Two of these prints were found on the inside of the rear window of the truck. The location of the third print was not established.

Michael McCloud, the owner of the truck, testified that he had purchased the vehicle approximately three weeks prior to its theft, and that he did not know Nelson and had not given him or anyone else permission to take his truck from its location in Fairfax City. Investigator Sowards of the Prince William County Police Department testified that he interviewed Nelson after advising him of his *Miranda* rights. Nelson stated that he did not know Michael McCloud, nor did he know anything about the truck or how his fingerprints had gotten on its rear window.

Based on the foregoing evidence, the trial court found Nelson guilty of grand larceny. In this appeal, Nelson argues the evidence is insufficient to support the conviction. Alternatively, he argues that since there was no evidence that he was in the truck in Prince

William County, he was improperly convicted of grand larceny in that venue. In response, the Commonwealth contends that since larceny is a continuing offense, *Lovelace v. Commonwealth*, 205 Va. 541, 545, 138 S.E.2d 253, 255 (1964), and it is undisputed that the vehicle was brought into Prince William County after it was stolen in Fairfax City, the presence of Nelson's fingerprints inside the vehicle combined with his statements to Investigator Sowards was sufficient to establish that he was the person who stole the truck and abandoned it in Prince William County. The Commonwealth further contends that Code § 19.2-245 establishes Prince William County as an appropriate venue for the prosecution.[1]

In support of its first argument, that the evidence was sufficient to sustain Nelson's conviction for larceny, the Commonwealth argues that the following inferences can be reasonably drawn from the evidence: (1) that Nelson's fingerprints were left in the truck sometime between the date it was stolen and the date that it was recovered; and (2) that the truck had been recently abandoned when it was recovered because the engine was still running. The Commonwealth argues that these inferences, coupled with Nelson's statements to Investigator Sowards denying knowledge as to the truck itself or how his fingerprints were found in the truck, are sufficient to establish that Nelson was the individual who took the truck in Fairfax City and abandoned it in Prince William County. We disagree.

Initially, we find that the evidence introduced at trial by the Commonwealth was not sufficient to give rise to an inference of larceny. Larceny is defined as the "wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." *Bright v. Commonwealth*, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). "Once the crime is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." *Id.* For the larceny inference to arise, however,

---

[1] Code § 19.2-245 provides in pertinent part:
[I]f any person shall commit larceny or embezzlement within this Commonwealth and *take the stolen property into any county or city other than the county or city within which the same was committed* he shall be liable to prosecution and punishment for such larceny or embezzlement in any such county or city into which he shall have taken the property as if the same had been wholly committed therein. . . (emphasis added).

"the Commonwealth must establish that the accused was in exclusive possession of property recently stolen." *Best v. Commonwealth*, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981). Consequently, there must be evidence that the defendant exercised dominion and control over the property. *See Moehring v. Commonwealth*, 223 Va. 564, 568, 290 S.E.2d 891, 893 (1982). In the case before us, the evidence shows only that Nelson was inside the truck after it had been stolen and that he denied this fact when speaking to Investigator Sowards. Although this evidence established Nelson's presence in the vehicle, we find that it does not show that Nelson ever exercised dominion or control over the vehicle, either in Prince William County or elsewhere. *Cf. Reese v. Commonwealth*, 230 Va. 172, 175, 335 S.E.2d 266, 268 (1985) (evidence of mere presence in the stolen vehicle is not enough to establish exclusive possession). Accordingly, the Commonwealth could not rely on the inference of larceny arising from the exclusive possession of recently stolen property to establish Nelson's guilt.

■ The next question we address is whether the Commonwealth's evidence, apart from the inference of larceny, was sufficient to prove Nelson's guilt beyond a reasonable doubt. The record indicates the following evidence and reasonable inferences which can be drawn from the evidence: (1) the truck was stolen; (2) a period of one week elapsed between the date the truck was stolen and the date it was recovered; (3) Nelson was in the truck during this period; (4) Nelson lied about being in the truck; and (5) even though the truck was found in a place which was easily accessible by the public, there was little time for anyone to have access to the truck between the time it was abandoned and the time it was recovered. We find that this evidence creates a suspicion that Nelson was the individual who took the vehicle in Fairfax City on July 19, 1987 and abandoned it in Prince William County one week later. Nevertheless, "a suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a criminal conviction." *Bishop v. Commonwealth*, 227 Va. 164, 170, 313 S.E.2d 390, 393 (1984). Accordingly, we conclude that the evidence was insufficient as a matter of law to convict Nelson of grand larceny.

Since we find the evidence insufficient to sustain the conviction, we do not address in detail Nelson's contention that venue was

improper in Prince William County. We do note, however, that to be applicable, Code § 19.2-245 requires proof that the accused participated in taking the stolen property into the county where the prosecution is brought. Here, at most, the Commonwealth's evidence established that, despite his statements to the contrary, Nelson had been in the truck. Moreover, there was no evidence that he had been in the truck in Prince William County, and none that he took or participated in taking the truck into that county.

For the reasons stated, we reverse and dismiss Nelson's conviction.

*Reversed and dismissed.*

Duff, J., and Willis, J., concurred.