COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Bumgardner
Argued at Richmond, Virginia


KEITH MARVELLE TAYLOR

                                   MEMORANDUM OPINION[*] BY
v.          Record No. 1301-97-2    JUDGE LARRY G. ELDER
                                         MAY 26, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

          J. Kelly Haley for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     Keith Marvelle Taylor (appellant) appeals his conviction of

grand larceny.  He contends that the evidence was insufficient to

support his conviction.  For the reasons that follow, we affirm.

     The evidence proved that the victim's car was stolen from

outside her residence around 7:30 in the morning of November 29,

1996.  No direct evidence established that appellant was the

individual who stole the victim's car or that he was present when

it was stolen.  Appellant was spotted riding in the passenger

seat of the victim's car as it was driven by another person

shortly after 11:00 a.m. on November 29.  After the car was

stopped, appellant told a police officer that he first entered

the victim's car around 10:45 that morning at his residence.

Appellant stated that "some dude" whose name was "Mike or Mic or

---
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

something" was driving the victim's car. According to appellant, "Mike or Mic" drove him and the car's current driver to "Mike's or Mic's" residence. Appellant told the police officer that, upon their arrival at "Mike's or Mic's" residence, "the man told them to keep the car."

Appellant argues that the evidence regarding his presence in the victim's car a few hours after it was stolen was insufficient to support the reasonable inference that he was the thief. We disagree.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). This Court does not substitute its judgment for that of the trier of fact. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). Instead, the trial court's judgment will not be set aside unless it appears that it is plainly wrong or without supporting evidence. Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

"[L]arceny is the taking and carrying away of the goods and chattels of another with intent to deprive the owner of the possession thereof permanently." Lund v. Commonwealth, 217 Va. 688, 691, 232 S.E.2d 745, 748 (1977). Under the larceny inference, "[o]nce the [larceny] is established, the unexplained possession of recently stolen goods permits an inference of

larceny by the possessor." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987); see also Castle v. Commonwealth, 196 Va. 222, 226–27, 83 S.E.2d 360, 363 (1954). For the "larceny inference" to arise, the Commonwealth must establish that the accused was in exclusive possession of recently stolen property. See Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981). "Exclusive possession," which may be joint with other persons, requires either (1) the conscious assertion of at least a possessory interest in the stolen property or (2) the exercise of dominion over the stolen property. See id. Mere constructive possession of stolen property is not enough to support the larceny inference. See Castle, 196 Va. at 229, 83 S.E.2d at 364–65.

We hold that the evidence in this case was sufficient to trigger the inference that appellant committed the larceny of the victim's car. It is uncontested that the victim's car was "recently stolen" at the time appellant was spotted riding in its passenger seat. In addition, credible evidence in the record supports the trial court's conclusion that appellant was in "joint exclusive possession" of the car with its driver. Although nothing in the record indicates that appellant, who was a passenger in the car, exercised dominion over it, his statement that he and the car's driver had been told they could "keep the car," when viewed, as is required, in the light most favorable to the Commonwealth, amounted to a conscious assertion of a

- 3 -

possessory interest in the car. Put another way, appellant's statement could reasonably be viewed by the trial court as a proclamation that the victim's car was his (and the driver's) to keep. Cf. Crews v. Commonwealth, 3 Va. App. 531, 537, 352 S.E.2d 1, 4 (1987) (holding that the defendant's attempt to sell recently stolen goods amounted to a "conscious assertion of a possessory interest" in the property for the purpose of establishing the larceny inference). Although appellant also told the officer that he did not enter the car until more than three hours after it was stolen, the trial court, as the finder of fact, was entitled to "reject that which it [found] implausible, but accept other parts [of appellant's account] which it [found] to be believable." Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

This case is distinguishable from the line of cases in which a suspect's mere presence in a recently stolen vehicle was not enough to trigger the larceny inference. See Reese v. Commonwealth, 230 Va. 172, 175, 335 S.E.2d 266, 267-68 (1985); Moehring v. Commonwealth, 223 Va. 564, 568, 290 S.E.2d 891, 893 (1982); Burgess v. Commonwealth, 14 Va. App. 1018, 1023, 421 S.E.2d 664, 667 (1992); Nelson v. Commonwealth, 12 Va. App. 268, 270-71, 403 S.E.2d 384, 386 (1991). In each of those cases, there was no credible evidence establishing that the suspect had "exclusive possession" of the vehicle in question. See Reese, 230 Va. at 175, 335 S.E.2d at 267 (holding that "the evidence

- 4 -

fail[ed] to establish joint exclusive possession"); Moehring, 223 Va. at 568, 290 S.E.2d at 893 (holding that there was no evidence "from which the court could have inferred that [the] defendant possessed the truck jointly with [the driver]"); Burgess, 14 Va. App. at 1023, 421 S.E.2d at 667 (holding that "the evidence fail[ed] to establish joint exclusive possession"); Nelson, 12 Va. App. at 271, 403 S.E.2d at 386 (holding that the evidence "[did] not show that [the defendant] ever exercised dominion or control over the vehicle").  The evidence here, however, was sufficient to support the conclusion that appellant was "consciously asserting at least a possessory interest in the [victim's car]," an act that falls under the legal umbrella of "exclusive possession."  See Best, 222 Va. at 389, 282 S.E.2d at 17; Crews, 3 Va. App. at 537, 352 S.E.2d at 4.

For the foregoing reasons, we affirm the conviction of grand larceny.

Affirmed.

Benton, J., dissenting.

I would hold that the evidence was insufficient to trigger the "larceny inference" because the evidence failed to prove that Keith Marvelle Taylor had exclusive possession of either the stolen car or the personal property in the stolen car. Taylor, who was fourteen years of age when these events occurred, was a passenger in the stolen car when the police stopped it. The record contains no information concerning the driver of the stolen car.

The police officer testified that Taylor explained his "association with the stolen car" as follows:

> [Taylor] stated that he got in the car around 10:45 that morning . . . at his residence. And, I asked him who was driving the vehicle. He said some dude, he didn't know his name, either Mike or Mic or something. . . . They then drove to an apartment over in San Souci Apartments. And, that was the gentleman's other guys residence Mike, Mic, whoever. And, when they were at that residence the man told them to keep the car. And Mr. Taylor and the other gentleman left that residence at about 11:00 he told me. . . .
>
> [Taylor] said when he left the apartment, which was about 11:00, the 30 day tags were already on the vehicle is what he stated to me. And then he stated it was about 20 minutes later, saw the other officer behind me, which would be Officer Giles. And, the items in the vehicle the phone and tapes he stated he never saw any items.

The trial judge found that Taylor was presumed to be the thief because Taylor's possession "hasn't been adequately explained."

The majority agrees that nothing in the record indicates

Taylor exercised dominion over the stolen vehicle.  See Moehring v. Commonwealth, 223 Va. 564, 568, 290 S.E.2d 891, 893 (1982) (an accused who accepts a ride from a person who he knows is driving a stolen car has not exercised dominion or control); Burgess v. Commonwealth, 14 Va. App. 1018, 1023, 421 S.E.2d 664, 667 (1992) (the fact that an accused was a passenger in a stolen car does not prove the accused exercised dominion or control over it).  See also Nelson v. Commonwealth, 12 Va. App. 268, 271, 403 S.E.2d 384, 386 (1991) (an accused's mere presence in a stolen vehicle is not enough to establish that the accused exercised dominion and control over the vehicle).  Instead, the majority holds that Taylor's statement to the police explaining his presence in the car proved a conscious assertion of a possessory interest in the car.  I disagree.

"One can be in exclusive possession of an item . . . [if the evidence] reveal[s] . . . that the accused was consciously asserting at least a possessory interest in the stolen property or was exercising dominion over the stolen property."  Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981).  However, no evidence proves that Taylor made a conscious assertion that he had a possessory interest in the car.  Taylor was a passenger in the vehicle.  No evidence proved that he ever drove the vehicle or directed the driver's conduct.  Furthermore, nothing in Taylor's statement indicates that he consciously asserted any type of interest in the vehicle.  He merely

recounted the statement of the man who originally drove the car when Taylor first entered it. That statement of another person proves nothing about Taylor's state of mind. When Taylor re-entered the car, he was not the driver. He again was riding as a passenger.

When the Commonwealth's evidence "is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). Thus, whenever "'inferences are relied upon to establish guilt, they must point to guilt so clearly that any other conclusion would be inconsistent therewith.'" Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987) (quoting Dotson v. Commonwealth, 171 Va. 514, 518, 199 S.E. 471, 473 (1938)). The inferences that could have been drawn from Taylor's conduct are vastly different than the inferences that can be drawn from the conduct of one that attempts to sell a recently stolen item. Compare Moehring, 223 Va. at 568, 290 S.E.2d at 893, with Crews v. Commonwealth, 3 Va. App. 531, 537, 352 S.E.2d 1, 4 (1987). The most that can be inferred from Taylor's statement is that when he re-entered the car with the second driver he should have known that the car was stolen. However, that knowledge is insufficient to prove either dominion or control. See Moehring, 223 Va. at 568, 290 S.E.2d at

893.  Taylor's knowledge of the driver's conduct does not prove that Taylor asserted a possessory interest in the car.

I would also hold that the Commonwealth's evidence, apart from the inference of larceny, was insufficient to prove that Taylor was the person who stole the car and the personal property in the car.  No direct evidence established either that Taylor was the individual who stole the car or that he was present when it was stolen.  Instead, the Commonwealth relied upon both Taylor's presence in the car three hours after it was stolen and other circumstantial evidence to prove that Taylor was the thief.  However, that evidence does not exclude the reasonable hypothesis that Taylor entered the car after the theft without knowledge of events that occurred before he entered the car.  See Reese v. Commonwealth, 230 Va. 172, 174-75, 335 S.E.2d 266, 268 (1985).

Even if we assume that Taylor's statement to the police officer was untruthful, no evidence justified the inference that Taylor was present when the car was stolen.  The evidence in the record merely proved that Taylor was a passenger in the car while it was driven by another person more than three hours after it was stolen.  The most that can be said with reasonable certainty is that Taylor accepted a ride and was a passenger in a stolen vehicle.  "This conduct does raise a suspicion of guilt.  However, it is not sufficient to establish beyond a reasonable doubt that the defendant committed grand larceny."  Moehring, 223

Va. at 568, 290 S.E.2d at 893.

Although the Commonwealth's circumstantial evidence raised a suspicion about Taylor's conduct, it did not exclude the reasonable hypothesis that Taylor became a passenger in the car after it was stolen by another person.  Cf. Reese, 230 Va. at 174-75, 335 S.E.2d at 268; Burgess, 14 Va. App. at 1023-24, 421 S.E.2d at 667; Nelson, 12 Va. App. at 271, 403 S.E.2d at 386. "[A] suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a criminal conviction."  Bishop v. Commonwealth, 227 Va. 164, 170, 313 S.E.2d 390, 393 (1984); see Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981); Powers v. Commonwealth, 182 Va. 669, 676, 30 S.E.2d 22, 25 (1944).

Therefore, I dissent.