COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Duff and Overton


DAVID EMORY SPITLER

MEMORANDUM OPINION[*]
v.      Record No. 0722-98-4      BY JUDGE CHARLES H. DUFF
APRIL 20, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Dennis L. Hupp, Judge

(Jay K. Wilk, Assistant Public Defender, on
brief), for appellant.  Appellant submitting
on brief.

(Mark L. Earley, Attorney General;
H. Elizabeth Shaffer, Assistant Attorney
General, on brief), for appellee.  Appellee
submitting on brief.


Tried by a jury in Shenandoah County, David Emory Spitler
(appellant) was found guilty of grand larceny.[1]  Appellant was
sentenced to six and one-half years of imprisonment for that
offense.

On appeal, appellant challenges the sufficiency of the
evidence to sustain his conviction of grand larceny.  We agree

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

[1]Appellant entered guilty pleas upon charges of escaping
from the custody of a law enforcement officer and failing to
appear for a jury trial.  On appeal, appellant does not
challenge his conviction for these offenses.

that the evidence was insufficient to prove appellant's guilt beyond a reasonable doubt, and reverse appellant's conviction.

### FACTS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

On August 1, 1996, appellant was an inmate in the Shenandoah County jail.  That morning, appellant, who had been granted trustee status, was taken to work on the grounds at the Virginia Department of Transportation (VDOT) office in Edinburg.  After reporting for work at 8:00 a.m., appellant was required to check in at the office every two hours.  Appellant checked in at 10:00 a.m., and reported to the office again at noon for lunch.  Appellant took his lunch outside to eat.  Appellant did not report to the office as required at 2:00 p.m., and was not seen at the facility again.  No trustees other than appellant were unaccounted for that day.

Wayne Smoot, a VDOT employee, drove his 1988 GMC pickup truck to work on August 1, 1996 and parked the vehicle in the lot outside the VDOT office.  Smoot left the keys to the truck on the console inside the vehicle.  The area around the facility

was fenced, but the gate to the fence was kept open during the day.  Although the facility was not open to the public for business, there were no restrictions to enter or exit the parking lot.  In a VDOT van, Smoot left the premises to inspect some bridges.  When Smoot returned to the VDOT facility at about 2:00 p.m., his truck was missing.  Smoot testified that the value of his truck before it was stolen was over $200.

Lawrence Nestlerod found Smoot's truck on a secluded portion of Nestlerod's Frederick County property on August 4, 1996.  The vehicle had been stripped and damaged.  No fingerprints were found on the vehicle.

Appellant was returned to the Shenandoah County jail on October 30, 1997.

                          ANALYSIS

Larceny is defined

> as the "wrongful taking of the goods of
> another without the owner's consent and with
> the intention to permanently deprive the
> owner of possession of the goods."  "Once
> the crime is established, the unexplained
> possession of recently stolen goods permits
> an inference of larceny by the possessor."
> For the larceny inference to arise, however,
> "the Commonwealth must establish that the
> accused was in exclusive possession of
> property recently stolen."  Consequently,
> there must be evidence that the defendant
> exercised dominion and control over the
> property.

Nelson v. Commonwealth, 12 Va. App. 268, 270-71, 403 S.E.2d 384, 386 (1991) (citations omitted) (evidence insufficient to prove appellant committed grand larceny where stolen vehicle found abandoned, with the engine running, and with appellant's fingerprints inside it).

In the present case, there was no evidence that appellant ever exercised dominion and control over Smoot's truck.  The Commonwealth introduced no evidence tending to prove that appellant was ever inside the vehicle.  While it was certainly suspicious that appellant and the vehicle disappeared from the VDOT facility at roughly the same time, this circumstance was an insufficient basis upon which to find appellant guilty beyond a reasonable doubt of grand larceny.  The "mere opportunity to commit an offense raises only 'the suspicion that the defendant may have been the guilty agent; and suspicion is never enough to sustain a conviction.'"  Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981) (citation omitted).

For the foregoing reasons, we find that the evidence was insufficient to support a finding beyond a reasonable doubt that appellant was guilty of grand larceny.  Therefore, appellant's conviction is reversed, and the proceedings against him are dismissed.

Reversed and dismissed.