COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Senior Judge Hodges
Argued at Richmond, Virginia


GERALD ELLIS McWILLIAMS
                                    MEMORANDUM OPINION* BY
v.    Record No. 2021-98-2          JUDGE WILLIAM H. HODGES
                                       OCTOBER 12, 1999
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      James B. Wilkinson, Judge

             William J. Viverette for appellant.

             Linwood T. Wells, Jr., Assistant Attorney
             General (Mark L. Earley, Attorney General, on
             brief), for appellee.


     Appellant was convicted of grand larceny of an automobile.

On appeal, he argues that the evidence was insufficient to

support the conviction because the Commonwealth failed to prove

that he knew that the automobile was stolen and that he

exercised dominion and control over it.  We agree and reverse.

     When the sufficiency of the evidence is challenged on

appeal, "'we review the evidence in the light most favorable to

the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.'"  Archer v. Commonwealth, 26

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

--------

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

So viewed, the evidence proved that on the afternoon of June 15, 1998, appellant and Michael Brown, a codefendant, saw a man named Walter. Appellant had a VCR that he wanted to pawn, and Walter offered to drive appellant and Brown to the pawnshop. Either Brown or Walter drove the car, starting it with a key on a ring that contained several other keys.

William and Debra Mitchell lived three houses away from appellant. The Mitchells owned an automobile that they parked on the street in front of their house. The Mitchells last saw the automobile on June 14, 1998, and noticed that it was missing on the morning of June 15, 1998. Mr. Mitchell could not find his keys to the automobile on June 14, 1998.

On June 15, 1998, the Mitchells were driving in another automobile when they saw their missing automobile. While stopped at a traffic light, the Mitchells confronted appellant, Brown and Walter. Appellant testified that he got out of the automobile and told Brown and Walter to give the automobile to the Mitchells. Appellant attempted to retrieve his VCR, and he struggled with Mr. Mitchell. The police arrived and only Walter ran from the scene.

Larceny is defined as the "wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987) (citation omitted). "Once the crime is established, the unexplained possession of recently stolen goods permits an

-

inference of larceny by the possessor." Id. For the larceny inference to arise, however, "the Commonwealth must establish that the accused was in exclusive possession of property recently stolen." Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981) (citation omitted). Consequently, there must be evidence that the defendant exercised dominion and control over the property. See Moehring v. Commonwealth, 223 Va. 564, 568, 290 S.E.2d 891, 893 (1982). Evidence of mere presence in a stolen vehicle is insufficient to establish exclusive possession. See Nelson v. Commonwealth, 12 Va. App. 268, 271, 403 S.E.2d 384, 386 (1991) (citation omitted).

The automobile did not have any signs of forced entry, and the steering column and windows were intact. A key on a key ring was used to start the automobile. When the Mitchells stopped the automobile, appellant was a passenger in the automobile, and he did not flee from the scene.

"[A] suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a criminal conviction." Bishop v. Commonwealth, 227 Va. 164, 170, 313 S.E.2d 390, 393 (1984). No evidence was presented to show that appellant assisted in the theft of the automobile. The evidence did not prove beyond a reasonable doubt that appellant exercised any degree of dominion or control over the automobile or that he

-

shared joint exclusive possession of the stolen automobile.

Accordingly, we reverse the larceny conviction.

Reversed and dismissed.

-