COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Annunziata
Argued at Richmond, Virginia


ROBERT LEE FREEMAN

MEMORANDUM OPINION[*] BY
v.    Record No. 0708-01-1        JUDGE RICHARD S. BRAY
                                      MAY 7, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

S. Jane Chittom, Appellate Defender (Public
Defender Commission, on brief), for
appellant.

Jennifer R. Franklin, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Robert Lee Freeman (defendant) was convicted in a bench trial

for grand larceny of a vehicle in violation of Code § 18.2-95.  On

appeal, he contends the evidence was insufficient to support the

conviction.  We agree and reverse the trial court.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

I.

In assessing sufficiency of the evidence on appeal, we view

the record "'in the light most favorable to the Commonwealth,

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

giving it all reasonable inferences fairly deducible therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted).  The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from proven facts are matters determined by the fact finder.  Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by the evidence.  See Code § 8.01-680.

Viewed accordingly, the evidence established that a Dodge van belonging to Cynthia Brown was stolen from a Portsmouth street between 8:30 p.m. and 10:00 p.m. on October 14, 2000.  Police were notified and, within an hour, Officer R.G. Suggs observed the van drive "past [him] very slowly," "traveling on a flat tire."  Suggs stopped the vehicle and "ordered . . . all the individuals in the vehicle [to] exit."  Defendant, the front seat passenger, complied, but immediately "began to walk away."  Confronted with Suggs' "verbal commands to . . . stop," defendant "began running down [the] [s]treet," only to be apprehended minutes later.  When "taken into custody," he protested to police, "I didn't do anything, I didn't do anything."

At the time of the stop, the driver's window of the van was "completely broken out," with "glass on the floorboard on the passenger side" and "a slight amount [of glass] on the passenger's seat."  "[T]he steering column ignition" had been "popped out" and

-

was resting "on the floorboard on the passenger side of the vehicle."

Defendant moved to strike the evidence, arguing the Commonwealth failed to prove he had "exhibited any kind of dominion or control over this car." The trial court overruled the motion and convicted defendant of the larceny, resulting in the instant appeal.

## II.

Challenging the sufficiency of the evidence to support the conviction, defendant argues on appeal that "presence and flight" do not establish the elements of the offense. The Commonwealth counters that "presence and flight," together with "the location of the ignition," "the glass," "the recency [sic] of the theft" and defendant's comment, "I didn't do anything," proved the offense beyond a reasonable doubt.

"Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987) (citation omitted). "Once the crime is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." Id.

> In order for the presumption to arise, the possession must be exclusive, but "[o]ne can be in exclusive possession of an item when he jointly possesses it with another," as long as "the accused was consciously

-

asserting at least a possessory interest in the stolen property or was exercising dominion over [it]."

_Archer v. Commonwealth_, 26 Va. App. 1, 13, 492 S.E.2d 826, 832 (1997) (quoting _Best v. Commonwealth_, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981)).

"Circumstantial evidence is as competent and entitled to as much weight as direct evidence . . . ." _Coleman v. Commonwealth_, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). However, where "a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" _Garland v. Commonwealth_, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting _Inge v. Commonwealth_, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). Nevertheless, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." _Hamilton v. Commonwealth_, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact, _Cantrell v. Commonwealth_, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong. _Martin v. Commonwealth_, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Here, unaided by the larceny inference arising from possession of the stolen van, the evidence was clearly

-

insufficient to sustain the conviction. The record does not establish that defendant assisted, abetted or otherwise facilitated the crime, before, during or after the initial taking. His presence in the van, together with the shattered glass, broken ignition and protestation to police, do not exclude the reasonable hypothesis that he entered the vehicle, free of involvement in the larceny. Thus, while defendant's "conduct does raise a suspicion of guilt, . . . it is not sufficient to establish beyond a reasonable doubt that [he] committed grand larceny." Moehring v. Commonwealth, 223 Va. 564, 568, 290 S.E.2d 891, 893 (1982); see Reese v. Commonwealth, 230 Va. 172, 174-75, 335 S.E.2d 266, 268 (1985); Burgess v. Commonwealth, 14 Va. App. 1018, 1023-24, 421 S.E.2d 664, 667 (1992); Nelson v. Commonwealth, 12 Va. App. 268, 271, 403 S.E.2d 384, 386 (1991).

The Commonwealth's reliance upon the possession/larceny inference is similarly misplaced. The record does not suggest defendant, a passenger, exercised any measure of dominion or control over the van or otherwise asserted a possessory interest in the vehicle. The evidence does not establish that he drove the van, directed the driver or was otherwise in custody of the stolen property. Neither defendant's flight from the scene nor his statement to police, "I didn't do anything," are assertions of a possessory interest in the vehicle. Absent such evidence, the inference clearly does not pertain. See Reese, 230 Va. at 175, 335 S.E.2d at 267-68 (holding "evidence of joint control"

-

necessary to convict passenger in stolen vehicle); Moehring, 223 Va. at 568, 290 S.E.2d at 893 (holding "mere acceptance . . . of a ride in a stolen vehicle" by passenger fails to establish involvement in initial taking or requisite dominion and control); Burgess, 14 Va. App. at 1023, 421 S.E.2d at 667 (holding presence in stolen vehicle with knowledge of theft does not establish dominion and control necessary to inference); Nelson, 12 Va. App. at 270-71, 403 S.E.2d at 386 (holding presence in a stolen vehicle does not establish dominion and control).

Accordingly, we find the evidence insufficient to support the conviction and reverse the trial court.

Reversed and dismissed.