COURT OF APPEALS OF VIRGINIA

Present:    Judges Frank, Humphreys and Millette
Argued at Chesapeake, Virginia


DENNIS WAYNE MAHONEY RAMSEY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1588-07-1                     JUDGE ROBERT P. FRANK
                                                        JULY 8, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

Afshin Farashahi (Afshin Farashahi, P.C., on brief), for appellant.

Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


        Dennis Wayne Mahoney Ramsey, appellant, was convicted, by a jury, of receiving stolen

property, in violation of Code § 18.2-108.  On appeal, he contends that the evidence was insufficient

to prove venue in Virginia Beach, that the evidence was insufficient to prove he was in possession

of stolen property in Virginia Beach, and that the trial court erred in instructing the jury on receiving

stolen property.  For the reasons stated, we reverse the judgment of the trial court.

                                        BACKGROUND

        On December 7, 2005, the victim had driven her silver 1995 Honda Accord home from

work.  At that time, the car was in good condition.  The steering column, the windows, and the

driver's side door handle were all intact, showing no damage.  The next morning, the victim, when

leaving her house in Virginia Beach, noticed her Honda was missing.  She called the police and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

filed a report. The victim had retained possession of the car keys. At trial, the victim testified she did not know appellant nor did she give him permission to drive her car.

When the Honda was later recovered and returned to the victim, the steering column was "messed up," the radio and other personal property were missing, the door handle was broken, and the ignition key would not operate the car.

Four days after the theft, City of Williamsburg Police Officer Brian Carlsen spotted appellant driving a silver Honda, registered as stolen, in Williamsburg around 2:00 a.m. Ultimately, Officer Carlsen stopped the vehicle and appellant. Officer Carlsen testified the Honda's steering column was "disabled," so that an ignition key was unnecessary to start the vehicle. Further, the driver's side door handle was damaged, and there were two flathead screwdrivers on the passenger seat.

Appellant was tried for grand larceny of the vehicle in Virginia Beach. At trial Lorrie Summer, appellant's former girlfriend, testified for appellant. On an unspecified day in December of 2005, Summer met appellant at a gas station in Virginia Beach. Appellant entered the passenger side of a "gray four-door" vehicle. She could not identify the model or make of the vehicle. Another man was in the driver's seat. When shown a photograph of the victim's car, Summer testified the photo looked like the car appellant entered. When asked on cross-examination was she "sure" it was the same car, Summer responded, "It looked like that one, yes," but she then testified she was not sure it was the exact car.

Summer then admitted telling the Commonwealth's attorney on the morning of the trial that appellant entered a Nissan, but again testified she did not know "makes and models of cars." She further admitted telling the Commonwealth's attorney the incident occurred "around Thanksgiving," but cautioned she really did not know the date.

At the conclusion of the evidence, the prosecutor offered an instruction on the lesser-included offense of receiving stolen goods, under Code § 18.2-108. Defense counsel objected to the instruction:

> I'm not sure if they've shown venue because the argument is that the car is not the same car that was in Virginia Beach. Then the only – the only time they've shown him in possession of the stolen goods is in Williamsburg, not in Virginia Beach. And even if the court feels the evidence is sufficient on that issue, that this is the same car that he was seen in in Virginia Beach, the testimony was clear that he got in the passenger side of the car and not in the driver's side.
>
> So, Judge, I would submit to you . . . there's a venue problem with having a receiving stolen property charge.

Additionally, appellant argued that if the jury found appellant did not steal the car, but was in possession of a stolen car, there is no evidence appellant possessed the car in Virginia Beach.

Without abandoning his objection to the instruction, appellant asked the trial court to add an additional element to the finding instruction, i.e., "That at the time of the receipt the defendant was in Virginia Beach." The trial court added that element, and the jury was so instructed.

The trial court overruled appellant's objection to the receiving of stolen goods instruction, concluding:

> But if [the jury] do[es] not believe that there's sufficient evidence beyond a reasonable doubt to find that he stole the vehicle, at least based on his own evidence, they could find him guilty of receiving it.

The jury found appellant guilty of receiving a stolen vehicle. This appeal follows.

ANALYSIS

We first address appellant's contention that the evidence was insufficient to prove he received or possessed a stolen vehicle in Virginia Beach in violation of Code § 18.2-108.[1]

When considering on appeal the sufficiency of the evidence presented below, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). This means the jury's verdict cannot be overturned on appeal unless no "'rational trier of fact'" could have come to the conclusion it did. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*) ("We let the decision stand unless we conclude no rational juror could have reached that decision."), aff'd, 266 Va. 397, 588 S.E.2d 149 (2003).

Under this standard, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Myers v. Commonwealth, 43 Va. App. 113, 118, 596 S.E.2d 536, 538 (2004) (quoting Jackson, 443 U.S. at 318-19) (emphasis in original). It asks instead whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Id. at 257-58, 584 S.E.2d at 447

---

[1] Code § 18.2-108 states:

> If any person buys or receive from another person, or aid in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender be not convicted.

(quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

Additionally, where, as here, there is a question as to whether the evidence was sufficient to convict appellant in a particular jurisdiction, we must determine whether there was sufficient evidence to prove that all of the elements of the offense were committed in that particular jurisdiction. See Green v. Commonwealth, 32 Va. App. 438, 449, 528 S.E.2d 187, 192 (2000) (holding that "venue is appropriate in any jurisdiction where the required elements of the offense have been established" and that the completed offense must have occurred in a particular jurisdiction in order to sustain the conviction in that jurisdiction). Thus, in the instant case, we must find that the evidence was sufficient to establish that all of the elements of receiving stolen property were committed in Virginia Beach.

Appellant argues that simply being in the vehicle as a passenger is not sufficient to prove he either possessed the vehicle or knew the vehicle was stolen. We agree. The evidence in the light most favorable to the Commonwealth indicates that sometime in December of 2005, appellant entered the passenger side of the stolen vehicle. He was not the driver, nor is there any evidence appellant exercised any dominion or control over the vehicle in Virginia Beach.

To convict an accused of violating Code § 18.2-108, the Commonwealth must prove that property "'was (1) previously stolen by another, and (2) received by defendant, (3) with knowledge of the theft, and (4) a dishonest intent.'"[2] Shaver v. Commonwealth, 30 Va. App. 789, 800-01, 520 S.E.2d 393, 399 (1999) (quoting Bynum v. Commonwealth, 23 Va. App. 412, 419, 477 S.E.2d 750, 754 (1996)).

---

[2] Appellant only contests that elements (2) and (3) were not proven in this case.

Burgess v. Commonwealth, 14 Va. App. 1018, 421 S.E.2d 664 (1992), controls our analysis. In that case Burgess was standing outside a stolen vehicle. Id. at 1023, 421 S.E.2d at 667. Another man was seated behind the steering wheel. Id. Burgess admitted he had earlier been picked up by the driver and had ridden in the vehicle, but denied that he knew the vehicle had been stolen despite the ignition being altered or "punched." Id. Burgess also had given the police a false name. Id. at 1020, 421 S.E.2d at 665. He appealed his conviction of grand larceny. This Court reversed the conviction, holding:

> That Burgess was in the stolen Mazda nine days after the theft does not prove that Burgess either stole the Mazda on December 3 or exercised dominion or control over the vehicle at any time. See Nelson v. Commonwealth, 12 Va. App. 268, 271, 403 S.E.2d 384, 386 (1991).

Id. at 1023, 421 S.E.2d at 667. The Court concluded that "proof that a defendant knew that an automobile is stolen and was in the automobile as a passenger does not suffice to prove the defendant guilty of larceny of the automobile." Id. Finally, the Court quoted a passage from Reese v. Commonwealth, 230 Va. 172, 175, 335 S.E.2d 266, 268 (1985), explaining that there was not joint exclusive possession because Burgess was not present in the stolen vehicle.

> "The Commonwealth relies on the theory of joint exclusive possession of recently stolen property. But, giving the Commonwealth the benefit of all reasonable inferences, as we must, we conclude that the evidence fails to establish joint exclusive possession. There must be evidence of joint control to justify the inference of joint possession. The Commonwealth presented no evidence that [Burgess] exercised any degree of dominion or control over the [stolen vehicle]. The evidence of [Burgess'] mere presence in the stolen vehicle is not enough to support a conviction of [Burgess] as a principal in the second degree."

Id.

Similarly, in Moehring v. Commonwealth, 223 Va. 564, 290 S.E.2d 891 (1982), the Supreme Court reversed the conviction of a hitchhiker who had accepted a ride in a vehicle that

he knew was stolen. The Court found no evidence that Moehring exercised "any degree of dominion or control over the stolen truck or from which the court could have inferred that defendant possessed the truck jointly with [the driver]." Id. at 568, 290 S.E.2d at 893. The Court further found Moehring was not a principal in the second degree because no evidence indicated Moehring committed any overt act to aid or abet the thief. Id.; see also Nelson, 12 Va. App. at 271, 403 S.E.2d at 386 (holding that Nelson's presence in truck after it had been stolen did not show dominion and control over the vehicle).

We see no principled distinction between Burgess, Nelson, and Moehring, all which considered the proof required for a grand larceny conviction based on the presumption of being in possession of recently stolen property and the lesser-included offense of receiving stolen goods. Just as those decisions analyze "possession," our inquiry focuses on whether appellant possessed the stolen vehicle. We conclude that the record does not suggest that appellant, a passenger, exercised any measure of dominion or control over the Honda or otherwise asserted a possessory interest in the vehicle. The evidence does not establish that he drove the car, directed the driver or was otherwise in custody of the stolen property while in Virginia Beach. Thus we find the evidence insufficient to sustain a conviction for possessing or receiving stolen goods in Virginia Beach.

While he clearly exercised dominion and control over the stolen vehicle in Williamsburg, we conclude that to consider the Williamsburg facts to show dominion and control over the vehicle in Virginia Beach is too speculative and attenuated. Appellant's activity in Williamsburg, as described by Officer Carlsen, was remote in time and place from his behavior in Virginia Beach, the two events being separated by approximately four days and a number of miles. While each incident, arguably, involved the same Honda, the record leaves unanswered the questions of when, where, and how appellant came into possession of the vehicle. Thus,

- 7 -

appellant's dominion and control over the vehicle in Williamsburg does not prove that he had

dominion and control over the vehicle in Virginia Beach.[3]

CONCLUSION

For the foregoing reasons, we find the evidence insufficient to establish appellant

possessed stolen property in Virginia Beach.  We therefore reverse the conviction and dismiss

the indictment.

Reversed and dismissed.

---

[3] Appellant argues that the Commonwealth did not establish venue in Virginia Beach. Because we find the evidence insufficient to sustain the conviction, we need not address venue beyond that discussed in the context of sufficiency of the evidence.  Appellant further challenges the trial court's granting of a jury instruction on the lesser-included offence of receiving stolen property.  Again, because we find the evidence insufficient to sustain a conviction for receiving stolen property in Virginia Beach, we need not address this argument.