**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ROBERT ROGER TEAL,
             *Petitioner-Appellee,*

v.

RONALD J. ANGELONE, Director of
the Virginia Department of
Corrections,
             *Respondent-Appellant.*

No. 01-7758

ROBERT ROGER TEAL,
             *Petitioner-Appellant,*

v.

RONALD J. ANGELONE, Director of
the Virginia Department of
Corrections,
             *Respondent-Appellee.*

No. 01-8029

ROBERT ROGER TEAL,
             *Petitioner-Appellant,*

v.

RONALD J. ANGELONE, Director of
the Virginia Department of
Corrections,
             *Respondent-Appellee.*

No. 02-6502

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CA-00-871-2)

Argued: October 28, 2002

Decided: January 9, 2003

Before NIEMEYER, Circuit Judge, Joseph R. GOODWIN,
United States District Judge for the Southern District of
West Virginia, sitting by designation, and Andre M. DAVIS,
United States District Judge for the District of Maryland,
sitting by designation.

---

Reversed in part and dismissed in part by unpublished per curiam
opinion. Judge Goodwin wrote an opinion concurring in part and dis-
senting in part.

---

## COUNSEL

**ARGUED:** Paul Christopher Galanides, Assistant Attorney General,
OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for
Appellant. Abigail V. Carter, Supervising Attorney, Appellate Litiga-
tion Program, GEORGETOWN UNIVERSITY LAW CENTER,
Washington, D.C., for Appellee. **ON BRIEF:** Jerry W. Kilgore,
Attorney General of Virginia, OFFICE OF THE ATTORNEY GEN-
ERAL, Richmond, Virginia, for Appellant. Steven H. Goldblatt,
Director, Scott Joiner, Student Counsel, Matthew Warren, Student
Counsel, Appellate Litigation Program, GEORGETOWN UNIVER-
SITY LAW CENTER, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Petitioner-appellee/cross-appellant, Robert Roger Teal ("Teal"), was convicted of breaking and entering and grand larceny in a Virginia court. Teal sought habeas relief in federal court under 28 U.S.C. § 2254, alleging, *inter alia*, ineffective assistance of counsel. The district court granted relief in part, and denied relief in part. Respondent-appellant/cross-appellee Ronald Angelone, the Director of the Virginia Department of Corrections ("the Director"), appeals (record no. 01-7758) from the district court's order insofar as it granted any relief. Teal appeals (record no. 01-8029) from the district court's order insofar as it denied relief. Because Teal's notice of appeal was untimely, we remanded the case to the district court for its consideration of Teal's motion for extension of time. The district court denied the motion for extension of time, and Teal timely appealed (record no. 02-6502) from that order. The three appeals have been consolidated. We reverse in part and dismiss in part.

I.

Teal's convictions arose out of a burglary at Moore's Auto Body Shop in Richmond, Virginia, between 11:30 p.m. on February 20, 1997, and 3:00 a.m. on February 21, 1997. The prosecution's case was based on both direct and circumstantial evidence. The shop manager closed and locked the shop at approximately 6:15 p.m. on February 20, 1997. J.A. at 9. When the manager arrived the next morning, he found that the "place was a mess;" the front window glass was broken and a board covered a hole in the window. J.A. at 10-11. Soft drinks and coins had been removed from a soda machine. J.A. at 14. Other property, including a television and a white Dodge automobile owned by the City of Richmond and in the shop for repairs, had been removed from the shop without permission. J.A. at 17, 22.

The circumstances surrounding Teal's arrest near the scene of the burglary were amply established. Constance Jones's fourth floor apartment overlooks the alley between the auto body shop and her apartment building. At approximately 11:30 p.m., Jones saw from her apartment window a man, later identified as Teal, carrying a board

through the alley. J.A. at 29, 30. This was the board later found covering the hole in the shop's window glass. J.A. at 31. At approximately 3:00 a.m., Jones again looked out of her window into the alley and saw that her neighbor's truck had been broken into; a toolbox rested on the ground in between the truck and her boyfriend's van. J.A. at 32. She also noticed a white car in the same general area. J.A. at 33-34.

Jones alerted her boyfriend and returned to the window. She observed the white car proceed down the alley away from the van. J.A. at 32-33. At about this same time, Jones and her boyfriend observed that Teal had broken into and was lying across the seat of her boyfriend's van. J.A. at 33, 48. Jones telephoned the police while her boyfriend and a neighbor left to confront and detain Teal. J.A. at 34-35. Teal fled as the police arrived, J.A. at 35-36; he was apprehended by Officer Anthony Papaleo. When Officer Papaleo apprehended Teal, he had in his possession several items taken from the auto body shop. J.A. at 71-72. Meanwhile, Officer Sandy Ledbetter, who also responded to the scene, located the white Dodge automobile, which had been parked around the corner from the auto body shop. Ledbetter discovered inside the car other property that had been taken from the auto body shop, including the television and a pillow case filled with sodas from the machine in the body shop. J.A. at 80-82. Teal was arrested and charged with possession of burglary tools, breaking and entering the auto body shop, and grand larceny (based on the theft of the white Dodge automobile from the auto body shop).

At the close of the prosecution's case-in-chief, Teal's counsel moved to strike the grand larceny charge on the ground that the evidence did not show that "Teal was not associated with the lawful owner" of the automobile. J.A. at 330. (Counsel did not argue that the evidence was insufficient to establish that Teal ever had possession of the white Dodge automobile.) The trial judge denied the motion. In the defense case, Teal elected to testify. He provided a partially exculpatory version of the events at issue, specifically denying that he broke into the auto body shop or that he had any connection to the theft of the white Dodge automobile. Teal admitted that he broke into the van. Defense counsel unsuccessfully renewed his motion to strike the charges after the close of all the evidence. The jury convicted Teal of breaking and entering and grand larceny and acquitted him of pos-

session of burglary tools. Teal received a sentence of ten years on the breaking and entering conviction and a consecutive sentence of two years on the grand larceny conviction.

Teal effectively exhausted his state law remedies and filed a timely *pro se* habeas petition in the United States District Court for the Eastern District of Virginia alleging, *inter alia*, that he had received ineffective assistance of counsel. J.A. at 264. The district court referred the case to a magistrate judge for the issuance of a report and recommendation. Subsequently, over timely objections by both parties, the district court adopted the magistrate judge's recommendation in an order entered on September 28, 2001, granting the habeas petition in part and denying it in part.

As to the grand larceny conviction, the district court adopted the magistrate judge's finding that there was no evidence that Teal was in actual possession of the white Dodge automobile, and that "no instructions were given to the jury regarding Teal's aiding and abetting someone else to take the vehicle." J.A. at 331-32. Thus, the court below concluded that "the evidence presented proved Teal neither took the vehicle nor aided in the taking of the vehicle. Failure to argue this crucial point was ineffective assistance." J.A. at 332. Furthermore, because the prosecution "failed to prove all of the essential elements of grand larceny," J.A. at 333, counsel's failure to argue the insufficiency of the evidence permitted Teal to be convicted of the grand larceny charge, whereas Teal should have been acquitted of that charge. The district court set aside the conviction for grand larceny and the corresponding two-year sentence and ordered a new trial. J.A. at 357.

As to the breaking and entering conviction, the district court adopted the magistrate judge's view that, contrary to Teal's contention, trial counsel had "thoroughly cross-examined [Jones]," J.A. at 39-46, 335, and that counsel did not act unreasonably in failing to seek relief for an alleged discovery violation. S.A. at 336. Accordingly, the district court denied the habeas petition as to the breaking and entering conviction. J.A at 323, 357.

The parties filed cross-appeals from the district court's mixed judgment. S.A. at 3, 11. Teal's notice of appeal was untimely. We

remanded the case to permit the district court to consider Teal's motion for an extension of time to appeal. The district court denied the motion for extension of time. S.A. at 26. Teal timely appealed from that order. S.A. at 30.

## II.

A claim that counsel's representation was so defective as to require reversal of a conviction has two components: the defendant must establish that (1) counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Deficient performance" is established by showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id*. "Prejudice" is established by showing that "counsel's errors were so serious that they deprived the defendant of a fair trial." *Id*. Unless a defendant can make both showings, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that render[ed] the result unreliable." *Id*. We review *de novo* the district court's grant of Teal's habeas petition because a claim of ineffective assistance of counsel presents a mixed question of law and fact. *See United States v. Brown*, 155 F.3d 431, 434 (4th Cir. 1998); *Williams v. Kelly*, 816 F.2d 939, 946 (4th Cir. 1987).

## III.

## A.

Applying the *Strickland* standard to the record here, we are persuaded that the district court erred in its conclusion that counsel was constitutionally ineffective for failing to move to strike the grand larceny charge based on insufficiency of the evidence. In Virginia, larceny is a common law crime defined as the (1) wrongful or fraudulent taking of (2) another's property, (3) without his permission, (4) with the intent to deprive the owner of it permanently. *See Tarpley v. Commonwealth*, 542 S.E.2d 761, 763-64 (Va. 2001); *Commonwealth v. Taylor*, 506 S.E.2d 312, 314 (Va. 1998). Under Virginia Code § 18.2-95, grand larceny is the (1) taking, (2) not from the person of another, (3) of goods that have value of $200 or more. *Tarpley*, 542 S.E.2d at 763-64. Two people may commit larceny when they jointly take prop-

erty from another. *Carter v. Commonwealth*, 163 S.E.2d 589, 594 n.3 (Va. 1968). Furthermore, two people engaged in a criminal enterprise are each equally responsible for the acts of the other. *Rollston v. Commonwealth*, 399 S.E.2d 823, 825 (Va. Ct. App. 1991).

It is true, of course, that there was no evidence that Teal was ever seen driving the white Dodge automobile. It is also true that no one was inside the car when it was found parked around the corner from the auto body shop upon the arrival of the police. J.A. at 81-82. Nevertheless, trial counsel's failure to move to strike the grand larceny charge based on insufficient evidence did not constitute an unreasonable omission that was prejudicial to Teal. The record reflects that the judge presiding at Teal's trial instructed the jury that "exclusive personal possession may be joint with another or others, but it must be under circumstances which cause [one] to believe the defendant has knowing joint possession." J.A. at 118. The Director argues that, and we agree, drawing all reasonable inferences in favor of the prosecution, the jury could have reasonably concluded that the direct and circumstantial evidence presented at trial supported a finding that Teal was in joint possession of the white Dodge automobile with the unidentified driver of the vehicle, such that the "possession" element of the charge of grand larceny was proved beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (standard of review for claims of evidentiary insufficiency).

In sum, we are persuaded that the direct and circumstantial evidence introduced at trial was more than adequate to support the judge's instruction on joint possession, and that the court below erred in concluding that the jury instructions were inadequate to permit the jury to find concert of action beyond a reasonable doubt.* Accord-

---

*The evidence, summarized in text, established that over the course of some period of time in the middle of the night in February, the auto body shop was burglarized. Entry was gained by breaking a window glass, which the perpetrators took pains to cover up using a board which a witness had earlier observed in Teal's possession. A vending machine was ransacked, and soda cans from the machine were loaded into a pillow case found on the premises. Coins (some quite likely removed from the soda machine) were found in Teal's possession upon his arrest after a short chase near the scene of the break-in, and under circumstances in

ingly, as Teal was not prejudiced by his counsel's failure to challenge the sufficiency of the evidence on the grand larceny charge, we reverse the district court's judgment granting relief to Teal as to the conviction for grand larceny.

B.

The parties have joined issue over whether the district court abused its discretion in denying Teal's motion for an extension of time within which to appeal the denial of relief as to the breaking and entering conviction. That claim is also grounded in an allegation of ineffec-

---

which Teal was confronted as he was breaking into a van parked near the burglarized body shop. A television, among other property from the body shop, had been loaded into a white Dodge automobile, which was on the premises for repair. The unidentified driver of the white Dodge automobile was present in the vehicle while Teal was rummaging through the parked van, but abandoned the white Dodge automobile and departed the area before police arrived. Manifestly, under the circumstances shown in this record, a reasonable juror could reasonably conclude that Teal was involved in the break-in of the body shop (indeed, Teal does not even argue on appeal that there was insufficient evidence to sustain the breaking and entering conviction), and such a reasonable juror could reasonably discount the likelihood that, *by coincidence*, two persons, working wholly independently of each other, burglarized the same auto body shop on the same winter evening, and calmly divided the loot between themselves, with Teal settling for only a few coins and other items, while the other burglar made off with the sodas, the television, and the automobile, all of such property having been available for the taking from the shop. To the contrary, and exactly as the prosecutor argued at trial, a reasonable juror could reasonably conclude that the unidentified operator of the white Dodge automobile was waiting for Teal to complete his search of the van parked in the alley before the night's joint enterprise was concluded, and further, that the driver elected hastily to abandon the white Dodge automobile (and the loot from the body shop contained within it) at the time Teal was confronted by the owner of the van parked in the alley, inferring (correctly) that the police were on the way. We have no hesitation in concluding that this evidence shows "circumstances which [could] cause you to believe the defendant ha[d] knowing joint possession" of the white Doge automobile with the "other" burglar. J.A. at 118 (trial judge's instruction to the jury).

tiveness of counsel, i.e., that counsel unreasonably and prejudicially failed to object to certain evidence supporting the breaking and entering charge.

We need not determine whether the district court committed an abuse of discretion, however, because before an appeal can be taken to the court of appeals from the final order in a habeas petition proceeding arising out of process issued by a state court a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Jones v. Cooper*, 311 F.3d 306, 309-10 (4th Cir. 2002). Having reviewed the record and the district court's order, and having had the benefit of oral argument, we deny a certificate of appealability because Teal has not made a substantial showing of the denial of a constitutional right. *Id.*

## IV.

For the reasons set forth, we reverse the judgment in Case No. 01-7758, and we dismiss the appeals in Case Nos. 01-8029 and 02-6502.

*REVERSED IN PART AND DISMISSED IN PART*

GOODWIN, District Judge, concurring in part and dissenting in part:

The majority concludes that the evidence was sufficient to support a jury finding that Teal was in joint possession of the stolen car. Accordingly, the majority holds that Teal's counsel was not constitutionally ineffective for failing to move for acquittal on the ground of insufficient evidence to establish the elements of grand larceny. I believe that the majority's conclusion can only be reached by conflating two distinct concepts of criminal liability under Virginia law — joint possession, on the one hand, and aiding and abetting, on the other. The jury was only instructed on the former theory, and the evidence was only sufficient to support a finding of guilt on the latter theory. Thus, Teal's counsel was constitutionally ineffective for failing to make a post-trial motion for acquittal on the ground of insufficiency of the evidence. I respectfully dissent from the reversal of the

district court's grant of the writ of habeas corpus on the grand larceny charge. I concur in the majority's denial, in Part III.B of the majority opinion, of a certificate of appealability on Teal's cross-appeal.

I agree with the majority's description of the facts, so I will spend no time retelling the story. In light of those facts, the majority concludes that "drawing all reasonable inferences in favor of the prosecution, the jury could have reasonably concluded that the direct and circumstantial evidence presented at trial supported a finding that Teal was in joint possession of the white Dodge automobile with the unidentified driver of the vehicle, such that the 'possession' element of the charge of grand larceny was proved beyond a reasonable doubt." *Ante* at 7. I respectfully disagree that the evidence was sufficient to support a finding of joint possession. Instead, the evidence establishes that Teal was guilty as a principal in the second degree — an aider and abettor. But the prosecution did not request a principal in the second degree instruction, and the judge did not give one. Accordingly, we cannot affirm Teal's conviction on that ground.

Under Virginia law, a principal in the first degree is "the actual or immediate perpetrator[ ] of the crime." *Gardner v. Commonwealth*, 225 S.E.2d 354, 356 (Va. 1976). In contrast, a principal in the second degree is one who is "present, aiding and abetting in [the] commission [of the crime]." *Id.* By statute, "every principal in the second degree . . . may be indicted, tried, convicted and punished in all respects as if a principal in the first degree." Va. Code Ann. § 18.2-18 (West 2002). Accordingly, there is no difference in punishment as between principal in the first and second degree. Nonetheless, the two concepts are distinctly different theories of criminal culpability.

To be found guilty of grand larceny as a principal in the first degree, a defendant must have possessed the object of the larceny. Under Virginia law, as at common law, the concept of "possession" of the object of a larceny is a pragmatic one — the defendant need not be holding an object to possess it. *See, e.g.*, *Vest v. Commonwealth*, No. 0803-99-3, 2000 WL 154847, at *1 (Va. Ct. App. Feb. 15, 2000) (appellant had joint possession over firearm because "appellant was aware of the presence of the .25 caliber semiautomatic pistol located in the dresser drawer in the bedroom he shared with his girlfriend and that it was subject to his dominion and control"). Two

or more people may jointly possess the same object simultaneously, and possession may be actual or constructive. Nonetheless, whether possession is actual, constructive, joint, or sole, the defendant at the very least must have dominion and control over the object. The Virginia Court of Appeals has explained:

> Establishing constructive possession requires proof "that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control." *Powers v. Commonwealth*, 316 S.E.2d 739, 740 (Va. 1984). A person's ownership or occupancy of premises on which the subject item is found, proximity to the item, and statements or conduct concerning the location of the item are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession. *Archer v. Commonwealth*, 492 S.E.2d 826, 831-32 (Va. App. 1997). Possession "need not always be exclusive. The defendant may share it with one or more." *Josephs v. Commonwealth*, 390 S.E.2d 491, 497 (Va. App. 1990) (en banc).

*Pitchford v. Commonwealth*, No. 1582-01-1, 2002 WL 31110796, at *2 (Va. Ct. App. Sept. 24, 2002).

If Teal and his cohort had gotten in the car in the repair shop and driven it away together, then they would have been in joint possession of the car and both would be guilty as principals in the first degree. But the evidence in this case indicates that Teal was guilty of grand larceny as a principal in the second degree. The witness Jones testified that she saw Teal walking towards Moore's with the board that was used to cover the broken window. Several hours later, Teal was later found in possession of items stolen from the shop. I agree with the majority that it is implausible to imagine that Teal and the other robber coincidentally happened upon the same auto body shop on the same night with independent intentions to commit robberies. The evidence is sufficient for a jury to infer, beyond a reasonable doubt, that Teal was "present, aiding and abetting in [the] commission" of the theft of the car, *Gardner*, 225 S.E.2d at 356, and thus that he is guilty as a principal in the second degree.

The only evidence as to possession of the car, however, is that another person drove the car away from the scene. The evidence certainly suggests that Teal played a central role in the theft of the automobile — indeed, one could plausibly conclude that he and his cohort were co-equal participants in the crime. But possession does not depend on the centrality of Teal's role in the theft — it depends on whether he exercised dominion and control over the vehicle. Of course, it is possible that Teal was in possession of the car at some point, but there is no evidence to prove (or even suggest) that he was. If anything, the record suggests the opposite. As recited above, the evidence indicates that Teal assisted his cohort in breaking into the body shop, that the cohort drove the car out of the shop, that Teal exited on foot and continued to commit other larcenies by breaking into vehicles parked in the alley, and that the cohort waited nearby in the stolen car. This evidence suggests that Teal was never in possession of the car — that he never exercised dominion and control over the vehicle. Accordingly, I respectfully disagree with the majority's conclusion that the evidence was sufficient for a jury to find that Teal was himself ever in actual or constructive possession of the car, joint or otherwise.

The Virginia cases finding evidence sufficient to establish "possession" are based on facts indicating dominion and control, facts absent here. For example, in *Pitchford* the evidence established that the defendant "resided at 103 Hawk Lane and was aware of the presence of the firearm under the mattress, as well as the large quantity of cocaine and distribution paraphernalia in plain view nearby, and that both the gun and the drugs were subject to his dominion and control." *Pitchford*, 2002 WL 31110796, at *2. Given these facts, the evidence was sufficient to prove that the defendant possessed the gun and the drugs. *Id. See also Carrington v. Commonwealth*, No. 1909-00-2, 2001 WL 1084986, at *2 (Va. Ct. App. Sept. 18, 2001) ("[T]he evidence established that appellant had at least constructive possession of . . . the cocaine thrown out of his father's car as the police attempted to stop it. . . . Harrison had obtained the cocaine from appellant and had not yet paid him for it, and Harrison testified that both he and appellant owned the cocaine. Thus, the evidence established that appellant was aware of the presence and character of the cocaine thrown from the window and that he possessed it jointly with Harrison."); *Vest*, *supra*.

In contrast to these cases, in *Reese v. Commonwealth*, 335 S.E.2d 266 (Va. 1985), the court found insufficient evidence to establish possession, be it constructive, joint, or otherwise. In *Reese*, the defendant had been a passenger in a stolen car. The Virginia Supreme Court explained:

> The Commonwealth relies on the theory of joint exclusive possession of recently stolen property. But, giving the Commonwealth the benefit of all reasonable inferences, as we must, we conclude that the evidence fails to establish joint exclusive possession. There must be evidence of joint control to justify the inference of joint possession. The Commonwealth presented no evidence that Reese exercised any degree of dominion or control over the station wagon.

*Id.* at 267-68. In all of these cases, the key to finding possession — joint or otherwise — is the defendant's awareness of the object and his dominion and control over that object.

Contrast the analysis in *Reese* with that of *Davidson v. Commonwealth*, No. 2514-97-2, 1998 WL 373357 (Va. Ct. App. July 7, 1998). In *Davidson*, the court found:

> that the evidence was sufficient to establish that appellant exercised dominion and control over the [stolen] Cadillac and that he thus had joint, exclusive possession of the vehicle. Appellant, as well as Kirk and Wilson, used the Cadillac to execute the robbery, establishing joint control, and thus joint possession, of the Cadillac. Specifically, appellant used the Cadillac to escape after the robbery he committed in concert with the other defendants. This fact alone is sufficient to demonstrate the required factual predicate for the finding that appellant had exclusive joint possession of the stolen vehicle.

*Id.* at *3. The court in *Davidson* did not impute possession to the appellant simply because he was a co-conspirator of the other defendants in the robbery. Rather, the court relied on the fact that the appellant, along with the co-conspirators, used the car to escape from the robbery. None of the Virginia cases cited by the Commonwealth, and

none that I have discovered, impute possession to a defendant simply because his co-conspirator possessed the object. Thus, even though a defendant is equally responsible for the acts of a co-conspirator, that does not mean that the defendant *possesses* everything that the co-conspirator possesses. The key to joint possession is not equal culpability with another defendant, but rather dominion and control over the object in question.

As stated above, the judge did not instruct the jury on principal in the second degree. While a principal in the second degree is equally culpable and faces the same punishment as a principal in the first degree, this does not mean that it does not matter whether the judge instructs on both theories. There are many Virginia cases in which the judge instructs on both principal in the first degree and principal in the second degree. *See, e.g.*, *Gardner*, 225 S.E.2d at 356; *Hash v. Commonwealth*, No. 1290-01-4, 2002 WL 2004853 (Va. Ct. App. Sept. 3, 2002); *Rollston v. Commonwealth*, 399 S.E.2d 823 (Va. App. 1991). Moreover, there are cases in which a defendant challenges the sufficiency of the evidence and the court responds by explaining that while there may not be evidence to find that the defendant was a principal in the first degree, the evidence was sufficient to find the defendant guilty as a principal in the second degree, consistent with the judge's instructions to the jury. For example, in *Rollston*, the defendant argued that "the evidence was insufficient to sustain the first degree murder convictions and the firearm conviction." *Id.* at 828. The judge had instructed the jury on both principal in the first degree and principal in the second degree. *Id.* at 825. The Virginia Court of Appeals reviewed the evidence against Rollston and concluded that "the evidence is sufficient beyond a reasonable doubt for the jury to have concluded that Rollston was the lookout and 'getaway' driver for the murders and thus, guilty as a principal in the second degree." *Id.* at 831. *See also Grant v. Commonwealth*, 217 S.E.2d 806, 808 (Va. 1975) ("While there is no direct evidence that the defendant was present at the scene of the robbery and actively participating in the crime, the circumstantial evidence points unerringly to his guilt as an aider and abettor of the offense. . . . Accordingly, he was properly convicted as a principal in the second degree.").

This case is similar to *Rollston* and *Grant* in that the evidence is insufficient to find the defendant guilty as a principal in the first

degree, but sufficient to find him guilty as a principal in the second degree. However, this case differs from *Rollston* or *Grant* in that here the jury was not instructed on the theory of principal in the second degree.[1] The question, then, is whether a jury verdict of guilty can stand when (1) the jury was instructed on the theory of principal in the first degree but not on the theory of principal in the second degree and (2) the evidence is insufficient to establish that Teal was a principal in the first degree but is sufficient to establish that he was a principal in the second degree.

The Supreme Court has explained that "[t]his Court has never held that the right to a jury trial is satisfied when an appellate court retries a case on appeal under different instructions and on a different theory than was ever presented to the jury. Appellate courts are not permitted to affirm convictions on any theory they please simply because the facts necessary to support the theory were presented to the jury." *McCormick v. United States*, 500 U.S. 257, 270 n.8 (1991). *See also Chiarella v. United States*, 445 U.S. 222, 236 (1980) ("We need not decide whether this theory has merit for it was not submitted to the jury. . . . [W]e cannot affirm a criminal conviction on the basis of a theory not presented to the jury. . . ."); *United States v. Hill*, 835 F.2d 759, 764 n.7 (10th Cir. 1987); *State v. Schmidt*, 540 A.2d 1256, 1259 (N.J. 1988).

This case bears a striking similarity to *United States v. Brito*, 136 F.3d 397 (5th Cir. 1998). There, one of the defendants had been convicted of possession with intent to distribute marijuana as a principal in the first degree. *Id.* at 409-10. The evidence presented suggested that he had arranged drivers and vehicles for others who transported drugs. But "[t]here [was] no evidence that [the defendant] accompanied them on this trip or ever took possession of the drugs." *Id.* at 410. Because evidence of possession, either constructive or actual, was lacking, the court reversed his conviction. The court noted that "[t]he government argues on appeal that the conviction could also be affirmed on an aiding and abetting theory." *Id.* at 410 n.18. The court

---

[1]In *Rollston* the jury was instructed on principal in the second degree. *Grant* was a trial to the court, so there were no jury instructions, but the court nonetheless "properly convicted [Grant] as a principal in the second degree." *Grant*, 217 S.E.2d at 808.

rejected this argument as "misplaced [because] . . . [t]he jury was not instructed on that theory; therefore we cannot sustain a conviction based upon it." *Id.* In this case, the Commonwealth conceded at oral argument that the Virginia courts could not "have affirmed a conviction for principal in the first degree if the evidence was insufficient to support a conviction for principal in the first degree."

The Commonwealth, in its brief, argues that "[i]n Virginia, two people engaged in a criminal enterprise are each equally responsible for the acts of the other. Thus, Teal faced the same consequences even *had he been convicted* as a principal in the second degree." Angelone Br. at 12 (citations omitted) (emphasis added). This is a correct statement of Virginia law, but the language of the brief reveals the error in this case. Teal would have faced the same consequences *had he been convicted* as a principal in the second degree. The problem is, he was *not* convicted as a principal in the second degree, because the jury was not instructed on principal in the second degree liability. *See Brito*, 136 F.3d at 410 n.18. Moreover, that non-instructed theory is the only theory of liability that the evidence is sufficient to support.

To show constitutionally ineffective assistance of counsel, a defendant must show (1) that defense counsel's representation fell below "an objective standard of reasonableness" and (2) that the defendant was prejudiced as a result of this failure. *Strickland v. Washington*, 466 U.S. 668, 688-92 (1984). The "defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

Teal's counsel failed to make a motion for judgment of acquittal on the ground that the evidence was only sufficient to establish aiding and abetting, not possession. By failing to make the motion, Teal's lawyer missed the opportunity for a judgment of acquittal and waived the issue for the purpose of further appellate review. Because Virginia law is clear on the difference between joint possession and aiding and abetting, defense counsel's failure to make the motion "was unreasonable under prevailing professional norms." *Id*.

That said, Teal's lawyer's performance was not deficient if there was some strategic reason for his failure to make this motion. *See id*.

The Commonwealth argues that if defense counsel had made this motion at the close of the prosecution's case in chief, then the prosecution would have been alerted to the issue of possession and would have asked the judge to instruct the jury on the theory of principal in the second degree liability. Instead, the Commonwealth argues, defense counsel made a strategic decision not to draw attention to this issue, because his client had a better shot at acquittal if the jury was *not* instructed on principal in the second degree. I agree. It was a reasonable trial strategy for counsel to refrain from doing anything during the trial that would bring the prosecution's attention to the fact that it should request a principal in the second degree instruction.

However, as Teal points out, this strategy only explains defense counsel's failure to make a motion for acquittal at the close of the government's case. It does not explain why defense counsel failed to make a post-trial motion to set aside the verdict on the same grounds (*i.e.*, insufficient evidence to prove possession). At the post-trial stage, there was no risk that the motion would prompt the government to ask for a principal in the second degree instruction. So there was no longer *any* strategic reason not to bring this motion. By bringing the motion, Teal's lawyer would have squarely presented the issue to the trial judge and also would have preserved the issue for appeal. *See McGee v. Commonwealth*, 357 S.E.2d 738, 739-40 (Va. Ct. App. 1987) (challenge to sufficiency of evidence preserved for appeal if presented in post-trial motion to set aside verdict, even if defense counsel failed to make motion to acquit at the end of prosecution's case). Accordingly, defense counsel's failure to make a motion for judgment of acquittal on the ground of sufficiency of the evidence to prove possession was "unreasonable under prevailing professional norms and . . . the challenged action was not sound strategy." *Kimmelman*, 477 U.S. at 381.

The second prong of *Strickland* — that the defendant was prejudiced by defense counsel's failure — is also met in this case. As discussed above, the evidence was insufficient to support a finding beyond a reasonable doubt that Teal was in possession of the stolen vehicle. While Teal could have been convicted of grand larceny had the jury been instructed on principal in the second degree liability, once the trial had ended and the jury had returned its verdict, the Commonwealth would not have been able to retry Teal under this

alternate theory not presented at the initial trial. Rather, Teal would have been acquitted, either by the trial judge on a post-trial motion or by an appellate court. *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 249 (1993) ("In the class of appeals premised on insufficiency of the evidence, . . . retrial is not permitted in the event of reversal.").

Thus, for the reasons given above, I would affirm the district court's grant of the writ of habeas corpus on Teal's grand larceny conviction, and remand for a new trial on that count.[2]

---

[2]Teal argues that the proper remedy for his claim is acquittal, not retrial. Because the majority has affirmed his conviction, the majority naturally does not address the remedy question. Because I believe that Teal's right to effective assistance of counsel has been violated, I will briefly note my position on the proper remedy for that violation.

Teal argues that his ineffective assistance of counsel claim is, at bottom, a sufficiency of the evidence claim. As such, he argues that he should be acquitted. *See Ortega-Rodriguez*, 507 at 249. It is true that Teal's claim does involve a determination that the evidence presented at trial was insufficient to sustain his conviction. But Teal is not presenting a sufficiency of the evidence claim — that claim is procedurally barred. Teal's only preserved claim here is that he was deprived of a fair trial because his lawyer failed to adequately represent him. The remedy for that deprivation is to give Teal a second trial, not to effectuate the result that would have occurred had defense counsel's representation been adequate. Thus, I would remand for a new trial, not grant a judgment of acquittal.